IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAHRA MOWAFY, | : | NO: 05-733-KAJ |
| Plaintiff | : | |
| vi. | : | JURY TRIAL DEMANDED |
| NORAMCO OF DELAWARE, INC. And NORAMCO, INC. | : | |
| Defendant | : | |

**PLAINTIFF'S RULE 55(b)(2) MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANTS AND FOR A TRIAL ON DAMAGES**

Pursuant to Fed. R.C.P. 55(b)(2), , plaintiff Moves this Honorable Court to enter a default judgment against defendants and to schedule a hearing or trial on damages and injunctive relief at a time convenient to the Court.

**Facts**

On October 18, 2005, Plaintiff filed her Complaint and an Amended Complaint was filed November 1, 2005.  A waiver of service of summons and complaint was executed on the defendants' behalf on December 22, 2005 and filed with the Court on February 22, 2006.  The Answer to the initial Complaint was due sixty (60) days after service of the request for waiver under Fed. R.C.P. 4(d)(3).  No Answer has been filed.

**Discussion**

As the docket and factual recitation set forth above make clear, defendants have failed to file an Answer to either the Complaint or the Amended Complaint, despite actual notice and an extended period to respond under F.R.C.P. 4(d)(3).  Neither have they filed a motion to dismiss or otherwise challenge matters such as service, venue, or the sufficiency of the Complaint.

"[B]ecause defendants have failed to answer, move or otherwise respond to the complaint, the entry of default judgment against them is appropriate." Compendia Songs v. On Top Communications, C.A. No. 04-252-GMS, 2004 WL 2898070, at *2 (D.Del. Nov. 15, 2004);[1]

Since liability for violation of Title VII of the 1964 Civil Rights Act and the Age Discrimination in Employment Act has thus been established, pursuant to F.R.C.P. 55(b)(2), plaintiff respectfully requests that a hearing or trial be scheduled at which evidence can be presented: (1) to determine the amount of compensatory and punitive damages due to plaintiff; and (2) so the Court may determine the remedial injunctive relief to which plaintiff is entitled, including the rest of the relief specified in the Complaint.[2]

Plaintiff waives an opening brief in support of this Motion.

        Respectfully submitted,

        MACELREE HARVEY, LTD.

        /s/ William T. Wilson
        William T. Wilson, Esq.
        PA Supreme Ct. ID: 41793
        17 West Miner St., P.O. Box 660
        West Chester, PA 19381-0660
        (610) 436-0100
        Attorney for Plaintiff, Admitted *Pro Hac Vice*

        THE NEUBERGER FIRM, P.A.

        /s/ Stephen J. Neuberger
        STEPHEN J. NEUBERGER, ESQ. (#4440)
        Two East Seventh Street, Suite 302
        Wilmington, DE 19801-3707
        (302) 655-0582
        SJN@NeubergerLaw.com

Dated: March 15, 2006        Attorney for Plaintiff

---

[1] Prior to this Motion, plaintiff has filed a Rule 55(a) Motion to the Clerk to enter defendant's default. The Court's default judgment will thus act upon this entry of default.

[2] This Motion serves as the notice to defendants of the hearing requested, as required by F.R.C.P. 55(b)(2). There was informal contact, after the Complaint was filed, between plaintiff's counsel and the defendant, which has been held to constitute an appearance for purposes of this rule. Heleasco Seventeen, Inc. v. Danke, 102 F.R.D. 909 (D. Del. 1984); but see Port-Wide Container Co. v. Interstate Maintenance Corp, 440 F. 2d 1195 (3d Cir. 1971)(telephone and mail contact not an appearance).

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAHRA MOWAFY, | : | NO: 05-733-KAJ |
| Plaintiff | : | |
| v. | : | JURY TRIAL DEMANDED |
| NORAMCO OF DELAWARE, INC. And NORAMCO, INC. | : | |
| Defendant | : | |

## **O R D E R**

This _____ day of _____, 2006, it is hereby ORDERED that a default judgment is entered against defendants in this action. A hearing or trial shall begin on the _____ day of _____, _____, to determine whether plaintiff is entitled to compensatory damages, liquidated or punitive damages or injunctive relief for unlawful employment discrimination.

BY THE COURT:

_____
THE HONORABLE KENT A JORDAN, U.S.D.J.

**CERTIFICATE OF SERVICE**

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on March 15, 2006, I caused two (2) copies of this Motion to be served on the counsel named below by the means indicated:

      Alton A.J. Harmon, Esq.
      MORGAN, LEWIS & BOCKIUS, LLP
      1701 Market Street
      Philadelphia, PA  19103-2921
      (First Class Mail)

      THE NEUBERGER FIRM, P.A.

      <u>/s/ Stephen J. Neuberger</u>
      STEPHEN J. NEUBERGER, ESQ.  (#4440)
      Two East Seventh Street, Suite 302
      Wilmington, DE  19801-3707
      (302) 655-0582
      SJN@NeubergerLaw.com
Date:  March 15, 2006      Attorney for Plaintiff