IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAHRA MOWAFY, | : | NO: 05-733 (KAJ) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NORAMCO OF DELAWARE, INC. | : | |
| and NORAMCO, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

*Of Counsel*
Larry L. Turner
Alton A. J. Harmon
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19104
lturner@morganlewis.com
aharmon@morganlewis.com
Tel: (215) 963-5000

David E. Brand (I.D. No. 201)
Prickett, Jones & Elliott, P.A.
1310 King Street
Box 1328
Wilmington, DE 19899
debrand@prickett.com
Tel: (302) 888-6514

**ATTORNEYS FOR NORAMCO OF DELAWARE, INC. AND NORAMCO, INC.**

March 20, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii
I.     INTRODUCTION ........................................................................................................... 1
II.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ................ 2
III.   SUMMARY OF ARGUMENT ....................................................................................... 3
IV.    STATEMENT OF FACTS .............................................................................................. 4
V.     ARGUMENT ................................................................................................................... 6
       NORAMCO SHOULD BE PERMITTED TO ADDRESS THE MERITS OF
       PLAINTIFF'S CASE. ...................................................................................................... 6
       A.     Plaintiff failed to serve the Amended Complaint upon Noramco or its
              Counsel. ................................................................................................................ 6
       B.     Default judgment is not appropriate in this case. ................................................. 7
VI.    CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

*Anzulewicz v. Nat'l Fuel Gas Supply Corp.*,
208 F.R.D. 47 (W.D.N.Y. 2002)......................................................................................6

*Carty v. R.I. Dept. of Corrections*,
No. 00-51L, 2001 WL 210474 (D.R.I. Jan 22, 2001).....................................................6

*Cichowski v. Sauk County*,
409 F.Supp.2d 1098 (W.D.Wis. 2006) ..........................................................................6

*Farnese v. Bagnasco*, 687 F.2d 761 (3d Cir. 1982).............................................................7

*Harris v. City of Philadelphia*,
47 F. 3d 1311 (3d Cir. 1995)..........................................................................................7

*Hurst v. City of Rehoboth Beach, No. Civ.A. 03-362-KAJ*,
2005 WL 823867 (D.Del. Mar. 31, 2005) .....................................................................7

*Legion Ins. Co. v. Continental Cas. Co.*,
190 F. Supp. 2d 724 (D.Del. 2002)................................................................................7

## STATUTES

Fed.R.Civ.P. 4......................................................................................................................7

Fed.R.Civ.P. 15(a) ..........................................................................................................1. 6

Fed.R.Civ.P. 55(a) ..............................................................................................................7

I.    **INTRODUCTION**

Defendants Noramco of Delaware, Inc. and Noramco, Inc. (collectively, "Noramco") submit this Brief In Opposition To Plaintiff Zahra Mowafy's ("Plaintiff" or "Dr. Mowafy") Motion for Entry of Default Judgment Against Defendants (the "Default Motion").

Plaintiff seeks a default judgment on an amended complaint that Plaintiff failed to serve as required by Federal Rule of Civil Procedure 15(a). Plaintiff's Default Motion is without merit because Noramco was under no duty to answer or otherwise plead in response to an amended pleading that had not been served. As such, entry of default judgment is not appropriate where (i) Plaintiff has not and will not be prejudiced; (ii) Noramco have valid defenses to Plaintiff's allegations; and (iii) Noramco did not cause any delay. For these reasons, as explained more fully below, the Plaintiff's Default Motion should be denied and Noramco should be permitted to address the merits of Plaintiff's claims.

II.     **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff filed suit on October 18, 2005, alleging that Defendants discriminated against her based upon her age, race, national origin and religion. (D.I. 1.) Plaintiff filed an Amended Complaint on November 1, 2005 against only Noramco of Delaware, Inc. and Noramco, Inc. (D.I. 3.) Defendants only waived service of the summons associated with the Initial Complaint. (D.I. 7.) The Amended Complaint has never been served on the Defendants or their counsel. On March 15, 2006, Plaintiff filed a Motion for Default Judgment ("Plaintiff's Motion"). (D.I. 9.) This is Defendants' Answering Brief in Opposition to Plaintiff's Motion.

III.  **SUMMARY OF ARGUMENT**

1. Plaintiff failed to serve the Amended Complaint upon Defendants as required by the Federal Rules of Civil Procedure, thus, Defendants were not obligated to answer or otherwise plead.

2. Defendants should be permitted to defend this case on the merits because decisions on the merits are preferred and because (i) Plaintiff has not and will not be prejudiced; (ii) Defendants have valid defenses to Plaintiff's allegations; and (iii) Defendants did not cause any delay.

IV. **STATEMENT OF FACTS**

1. Dr. Mowafy alleges in her Complaint that Noramco discriminated against her by terminating her on January 9, 2003 from her position as a Senior Process Chemist based upon her age, race, national origin and religion. (Compl. at ¶ 10 ("D. I. 1"); Am. Compl. at ¶ 10 ("D. I. 3"))

2. Dr. Mowafy further alleges in her Complaint that she filed a claim with the Equal Opportunity in Employment Commission (the "EEOC") on March 17, 2004 - more than one year after her termination. (Compl. at ¶ 12 ("D.I. 1"); Am. Compl. at ¶ 12 ("D. I. 3.))[1]

3. Dr. Mowafy filed her initial Complaint on October 18, 2005. (*See* D.I. 1.)

4. Since filing this lawsuit, Dr. Mowafy has filed other motions in this case, including dismissals of certain Defendants and substitutions of counsel. (*See* D.I. 2, 5, 6.)

5. Dr. Mowafy's counsel sent Noramco a Waiver of Service of Summons for the Initial Complaint. (*See* D.I. 7.)

6. On November 1, 2005, Dr. Mowafy filed an Amended Complaint. (D.I. 3.)

---

[1] Dr. Mowafy failed to attach to her Complaint as Plaintiff's Exhibit B, EEOC Charge No. 170-2004-00315, the Charge for which the EEOC issued Dr. Mowafy's Right to Sue. A true and accurate copy of the correct document is attached hereto as Defendant's Ex. A.

4

7.  The Amended Complaint was never served on either Noramco or Noramco's counsel. Indeed, Dr. Mowafy's counsel does not allege that he attempted to do so. (*See* Pl.'s Req. for Default; Pl.'s Mot. Default J. at D.I. 8, 9.)

8.  On February 22, 2006, three months after the Amended Complaint was filed, Plaintiff's counsel filed the Waiver of Service of Summons for the Complaint with the Court. (*See* D.I. 7, attached as Exhibit C.)

9.  Counsel for Noramco received a copy of the Default Motion by regular mail on Friday, March 17, 2006. (Turner Aff. at ¶ 4.)

10. As of the filing of this response to the Default Motion, neither Noramco nor Noramco's counsel has been served with the Amended Complaint. (Turner Aff. at ¶ 5.)

V.   **ARGUMENT**

**NORAMCO SHOULD BE PERMITTED TO ADDRESS THE MERITS OF PLAINTIFF'S CASE.**

   A.   **Plaintiff failed to serve the Amended Complaint upon Noramco or its counsel.**

Federal Rule of Civil Procedure 15(a) explicitly requires a plaintiff to serve an amended complaint upon a defendant. It is only after service is effected, that a defendant is required to file a response (within 10 days) to the amended complaint, which serves as a substitute for the initial complaint. *See* Fed.R.Civ.P. 15(a) ("A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.")

Here, Dr. Mowafy filed the Amended Complaint on November 1, 2005, but did not make service of that pleading upon Noramco. (*See* D. I. 3; Turner Aff. at ¶ 5.) As such, Noramco had no duty to respond to the Amended Complaint and should be allowed to address the merits of Dr. Mowafy's claims. Dr. Mowafy has filed and served other documents upon counsel for Noramco, but not the Amended Complaint. (D.I. 8, 9.)

Furthermore, here the Waiver of Service of Summons does not absolve Dr. Mowafy's counsel of his duty to serve Plaintiff's Amended Complaint. The Waiver of Service of Summons did not constitute a wavier of service for the purposes of the Amended Complaint. *Cichowski v. Sauk County*, 409 F.Supp.2d 1098 (W.D.Wis. 2006); *see also Anzulewicz v. Nat'l Fuel Gas Supply Corp.*, 208 F.R.D. 47, 49 (W.D.N.Y. 2002); *Carty v. R.I. Dept. of Corrections*, No. 00-51L, 2001 WL 210474, at *2 (D.R.I. Jan 22, 2001). For example, in *Cichowski*, the Plaintiffs who alleged violations of their equal protection rights did not serve the amended complaint as

6

required by Federal Rule of Civil Procedure 4 upon one of the defendants. *Cichowski*, 409 F. Supp.2d at 1100. The court dismissed the claims against that defendant because the plaintiff did not properly serve or obtain a waiver of service for the amended complaint. *Id.* at 1102-1103. The Waiver of Service of Summons acknowledges Defendant' receipt of the Complaint but not the amended Complaint.

      **B.**    **Default judgment is not appropriate in this case.**

Motions for default judgment brought pursuant to Rule 55(a) are only permitted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules… ." Fed.R.Civ.P. 55(a). Courts in this circuit strongly disfavor this drastic action and allow such motions only when a litigant acts in "flagrant bad faith" or with "callous disregard" of the court's orders. *Hurst v. City of Rehoboth Beach*, No. Civ.A. 03-362-KAJ, 2005 WL 823867, *3 (D.Del. Mar. 31, 2005) (Jordan, J.) ("The Third Circuit has 'repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable.'") (citations omitted); *see also*, *Legion Ins. Co. v. Continental Cas. Co.*, 190 F. Supp. 2d 724, 725 (D.Del. 2002) (citing *Harris v. City of Philadelphia*, 47 F. 3d 1311, 1330 n. 18 (3d Cir. 1995)).

As this Court has recently noted, three factors should be considered in determining whether to grant a motion for default judgment: (i) prejudice to the plaintiff if default is denied; (ii) whether the defendant appears to have a litigable defense; and (iii) whether defendant's delay is due to culpable conduct. *Hurst*, 2005 WL 823867 at * 3 (citations omitted). Courts in this circuit have gone on to state that where there is a "close call" a court should favor setting aside a default and allowing a decision on the merits. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982) (citations omitted).

7

Here, all of the identified factors weigh in favor of denying the Default Motion. First, Dr. Mowafy has not been prejudiced due to the actions of Noramco. Dr. Mowafy cannot allege that she has been prejudiced where Noramco did not fail to act, but rather she failed to serve the Amended Complaint. Second, Noramco has litigable defenses, including, but not limited to the time-barred nature of Dr. Mowafy's allegations. This defense, as well as others to be asserted in Noramco's responsive pleading would be sufficient to completely vindicate Noramco. Third, Noramco did not delay. Noramco acted in conformity with the Federal Rules of Civil Procedure. To date, Noramco has not received a copy of the Amended Complaint from Plaintiff. (Turner Aff. at ¶ 5.) Indeed, when Noramco received a copy of the Default Motion on Friday, March 27, 2006, counsel for Noramco entered their appearance that day and a response to the Default Motion was filed the following Monday. (D.I. 8-9.)

Based upon the foregoing, a default judgment is not justified in this case. Noramco should be allowed to address the merits of Plaintiff's claims.

## VI. CONCLUSION

For all of these reasons, Noramco respectfully requests that the Court deny Plaintiff's Motion for Default Judgment and allow Noramco to address the merits of Dr. Mowafy's claims.

Respectfully submitted,

/s/ David E. Brand

David E. Brand (I.D. No. 201)
Prickett, Jones & Elliott, P.A.
1310 King Street
Box 1328
Wilmington, DE 19899
debrand@prickett.com
Tel: (302) 888-6514

**ATTORNEYS FOR NORAMCO OF DELAWARE, INC. AND NORAMCO, INC.**

*Of Counsel*
Larry L. Turner
Alton A. J. Harmon
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19104
lturner@morganlewis.com
aharmon@morganlewis.com
Tel: (215) 963-5000

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2006, I electronically filed **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Stephen J. Neuberger, Esquire
Thomas S. Neuberger, P.A.
Two East 7th Street
Suite 302
Wilmington, DE 19801

 

_/s/ David E. Brand_
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328
TEL: 302-888-6514
EMAIL: DEBrand@prickett.com