IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAHRA MOWAFY, | : | NO: 05-733 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NORAMCO OF DELAWARE, INC. | : | |
| and NORAMCO, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' COMPENDIUM OF UNREPORTED DECISIONS IN OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**


*Of Counsel*
Larry L. Turner
Alton A. J. Harmon
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19104
lturner@morganlewis.com
aharmon@morganlewis.com
Tel: (215) 963-5000

DATE: March 20, 2006

David E. Brand (I.D. No. 201)
Prickett, Jones & Elliott, P.A.
1310 King Street
Box 1328 Wilmington, DE 19899
debrand@prickett.com
Tel: (302) 888-6500

**ATTORNEYS FOR NORAMCO
OF DELAWARE, INC. AND
NORAMCO, INC.**



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 210474 (D.R.I.)
(Cite as: 2001 WL 210474 (D.R.I.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Rhode Island.
Edwin J. CARTY
v.
R.I. DEPARTMENT OF CORRECTIONS, et al.
No. 00-51L.

Jan. 22, 2001.

Report and Recommendation

HAGOPIAN, Magistrate J.

*1 This matter is before the Court on the motion of the defendants, the Rhode Island Department of Corrections, to dismiss the instant Complaint pursuant to Rule 12(b)(2), 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure. The plaintiff, Edwin J. Carty, *pro se,* has objected to the motion.

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the defendants' motion to dismiss be GRANTED.

Background

Plaintiff Edwin J. Carty, incarcerated at the Adult Correctional Institution ("ACI") in Cranston, Rhode Island, filed a Complaint with the Clerk of Court on February 7, 2000, alleging various violations of his Constitutional rights without providing the necessary factual background to sustain the action. Recognizing the deficiencies in the plaintiff's Complaint, this Court invited the plaintiff to file an Amended Complaint to include the factual predicate underlying the instant cause of action. On March 3, 2000, plaintiff accepted the invitation and filed a thirty-six page Amended Complaint (herein after referred to as "First Amended Complaint") with nineteen named defendants. Plaintiff, however, never served the First Amended Complaint on any of the nineteen named defendants.

Thereafter, plaintiff sent to the Court a letter, requesting that certain allegations be added to the First Amended Complaint. The Court treated the letter as a motion, and directed the plaintiff to file with the Court a Second Amended Complaint, containing all of the factual allegations upon which the plaintiff based the instant cause of action. Plaintiff, however, failed to file the Second Amended Complaint with the Court, nor has he served it on any of the nineteen named defendants.

Additionally, on two occasions, this Court directed the plaintiff to serve each of the named defendants through the use of interdepartmental mail at the ACI, and to certify to the Court in writing that this has been done. However, the Court record indicates, to the date of this writing, that the plaintiff still has not served any of the defendants.

Defendants have now filed a motion to dismiss the pursuant to Rules 12(b)(2), 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has objected to the instant motion.

Discussion

As a preliminary matter, the Court will first address which Complaint is operative at this juncture. Plaintiff filed his original Complaint on February 7, 2000. Thereafter, plaintiff filed a First Amended Complaint on March 3, 2000. Although he requested to add allegations to the First Amended Complaint, and was directed by the Court to file a Second Amended Complaint, plaintiff never did so. Accordingly, for purposes of this instant motion, the First Amended Complaint is operative at this juncture. With this in mind, I will now turn to the instant motion.

A. Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2).

*2 Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of actions where there is a lack of personal jurisdiction. Fed.R.Civ.P.12(b)(2). It is well settled that when a named defendant is not served with process pursuant to Fed.R.Civ.P. 4, a Court lacks jurisdiction over them. *Brooks v. Richardson,* 478 F.Supp. 793(S.D.N.Y.1979). Although instructed by the Court to serve the defendants, plaintiff here has failed to do so. Accordingly, this Court lacks personal jurisdiction over the defendants, and the defendants'

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 210474 (D.R.I.)
**(Cite as: 2001 WL 210474 (D.R.I.))**

Page 2

motion to dismiss should be granted.

B. Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(5).

Rule 12(b)(5) of the Federal Rule of Civil Procedure provides for a dismissal of actions where there is an insufficiency of process. Fed.R.Civ.P.12(b)(5). Rule 12(b)(5) challenges the mode of the delivery of the process, or the lack of delivery of the summons and the complaint. See Crane v. Battelle, 127 F.R.D. 174, 176 (S.D.Cal.1989). Again, although plaintiff was directed by this Court to serve the defendants, he has failed to do so. Plaintiff has failed to served any of the named defendants with a copy of the First Amended Complaint or a summons. Accordingly, plaintiff can not overcome the hurdle of a motion to dismiss pursuant to Rule 12(b)(5). Thus, the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) should be granted.

C. Defendants' Motion to Dismiss Pursuant to Fed.Civ.P. 4(m).

Finally, Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:
> (m) Time Limit for Service. If service of the summons and the complaint is not made upon the individual defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period ...

Here, plaintiff is beyond the time limit established in Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff filed his First Amended Complaint on March 3, 2000. Thereafter, he had 120 days, or until about July 3, 2000, to serve it on the defendants. See Fed .R.Civ.P. 4(m). However, to the date of this writing, plaintiff has failed to serve any of the defendants with the First Amended Complaint or with a summons.

Plaintiff asserts in his objection to the instant motion that he has "good cause" for his failure to serve any of the defendants. Rule 4(m) provides that upon a showing of "good cause", the Court shall excuse the failure to serve within the 120 day time frame. Id. Here, plaintiff asserts that he was placed into punitive segregation for a total of four months during the eight month period of April through October of 2000. During this time in punitive segregation, plaintiff asserts that he had difficulty accessing legal materials. Plaintiff asserts that this is the "good cause" necessary to excuse his failure to serve. This Court views the plaintiff's time in punitive segregation, with restricted access to legal materials, as good cause to extend the time period to effect service on the defendants.

*3 However, since the plaintiff was in segregation for a total of four of the eight months from April through October of 2000, plaintiff had the remaining four month to serve the defendants. Additionally, the plaintiff has also had November and December of 2000, to serve the defendants. Plaintiff however, has not done so, and is well beyond the 120 day time frame established in Rule 4(m). Accordingly, I recommend that the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 4(m), for failing to serve the defendants within the 120 day time frame, be granted.

Conclusion
For the reasons stated above, I recommend that the defendants' motion to dismiss be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir.1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980).

Not Reported in F.Supp.2d, 2001 WL 210474 (D.R.I.)

**Motions, Pleadings and Filings (Back to top)**

• 1:00cv00051 (Docket) (Feb. 07, 2000)

END OF DOCUMENT



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 823867 (D.Del.)
**(Cite as: 2005 WL 823867 (D.Del.))**

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Jerry A. HURST, pro se, Plaintiff,
v.
CITY OF REHOBOTH BEACH, et al., Defendants.
No. Civ.A. 03-362-KAJ.

March 31, 2005.

Jerry A. Hurst, Arlington, Virginia, pro se.

Colin M Shalk, Casarino, Christman & Shalk, P.A., Wilmington, Delaware, for defendants City of Rehoboth Beach and Walter Speakman.

Kevin J. Connors, and Thomas J. Gerard, Marshall, Dennehey, Warner, Coleman & Groggin, Wilmington, Delaware, for defendants Keith Banks, Paul Parsons, Jaime Riddle, Michael Armstrong, Collette Sutherland, Bonnie Ladd, Eric Glasco, Nicole Reynolds, John Bushey, and Frances Bucci.

Roger D. Landon, Murphy, Spadaro & Landon, Wilmington, Delaware, for defendant John Wothers.

Roger D. Landon, Murphy, Spadaro & Landon, Wilmington, Delaware, and Philip Thomas Edwards, Philip Thomas Edwards, Wilmington, Delaware, for defendant Tammie Morrison.

Bruce C. Herron, Akin & Herron, P.A., Wilmington, Delaware, for defendants Sussex County, R.N. Whittle, Dr. Burns, Two Unknown Correctional Officers, P. Harrison, B.A. Gunter, M.D., and Hubert Pey.

Bruce C. Herron, Akin & Herron, P.A., Wilmington, Delaware, and Stuart B. Drowos, Department of Justice, Wilmington, Delaware, for defendants Sussex Correctional Institution and Rick Kearney.

Louis J. Rizzo, Jr., Reger & Rizzo, LLP, Wilmington, Delaware, for defendants Atlantic Sands Hotel and Conference Center, Rick Perez, and Sean Miller.

MEMORANDUM OPINION

JORDAN, J.

I. INTRODUCTION

*1 This is an action in which plaintiff Jerry A. Hurst ("Plaintiff") asserts violations of constitutional rights and statutory rights under 18 U.S.C. § 242 and 42 U.S.C. § 1983, and various state rights [FN1] against numerous defendants. [FN2] (*See* Docket Item ["D.I."] 1.) Presently before me are four motions filed by Plaintiff and ten motions filed by defendants. The motions filed by Plaintiff include: a Request for Default and Motion for Default Judgment (D.I.64); a Motion for Leave to Proceed *in forma pauperis* (D.I.92); a Motion for Miscellaneous Relief (D.I.96); and a Motion to Amend Complaint (D.I.101). The motions filed by the defendants include: a Motion to Dismiss (D.I.8) filed by Sussex County and Rick Kearney, R.N. Whittle, Dr. Burns, two unknown correctional officers, P. Harrison, B.A. Gunther, M.D., and Hubert Pey (collectively, "the Sussex County Defendants") in their official capacities "as employees or otherwise" with Sussex County; a Motion to Dismiss (D.I.9) filed by Walter Speakman ("Speakman"); a Motion for a More Definite Statement (D.I.10) filed by Speakman; a Motion to Dismiss (D.I.20) filed by Keith Banks ("Banks"), Collette Sutherland ("Sutherland"), Bonnie Ladd ("Ladd"), Eric Glasco ("Glasco"), Nicole Reynolds ("Reynolds"), John Bushey ("Bushey"), and Frances Bucci ("Bucci"); a Motion to Dismiss (D.I.58) filed by John Wothers ("Wothers"); a Motion to Strike and/or Motion for Relief from Judgment (D.I.67) filed by Sands, Inc. t/a Atlantic Sands Hotel and Conference Center (the "Sands"), Rick Perez, and Sean Miller (collectively, "the Sands Defendants"); a Motion to Dismiss (D.I.82) filed by the Sands Defendants; a Motion for Joinder of Tammie Morrison ("Morrison") in the City of Rehoboth's Response to Plaintiff's Motion of December 27, 2004 [FN3] (D.I.115); a Motion for Joinder of Glasco, Banks, Paul Parsons ("Parsons"), Jaime Riddle ("Riddle"), Michael Armstrong ("Armstrong"), Sutherland, Ladd, Reynolds, Bushey, and Bucci in the Response filed by the City of Rehoboth to Plaintiff's Motion of December 27, 2004 (D.I.116); and a Motion for Joinder of Rick Kearney and Sussex Correctional Institution ("SCI") in the Response filed

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 823867 (D.Del.)
(Cite as: 2005 WL 823867 (D.Del.))

Page 2

by the City of Rehoboth to Plaintiff's Motion of December 27, 2004 (D.I.117).

> FN1. Specifically, Plaintiff alleges violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, conspiracy to violate 18 U.S.C. § 242 while acting under the color of law, intentional infliction of emotional distress, negligent training and supervision, malicious abuse of process, false arrest, false imprisonment, denial of medical treatment, and various state law violations, including breach of contract, invasion of privacy, false arrest and imprisonment, assault and battery, malicious prosecution, abuse of process, negligence, and gross negligence. (Docket Item ["D.I."] 1 at 13-17.)

> FN2. Specifically, Plaintiff has named 25 defendants, including the City of Rehoboth Beach; 10 police officers for the City of Rehoboth Beach: Banks, Parsons, Riddle, Armstrong, Sutherland, Ladd, Glasco, Reynolds, Bushey, and Bucci; two E.M.T.'s for the City of Rehoboth Beach: Wothers and Morrison; the City Solicitor for the City of Rehoboth Beach: Walter Speakman; Sussex County; Sussex Correctional Institution ("SCI"); 7 alleged employees of Sussex County and/or SCI: Kearney, R.N. Whittle, Dr. Burns, two unknown correctional officers, P. Harrison, B.A. Gunter, M.D., and Hubert Pey; and the Atlantic Sands Hotel and Conference Center and two employees, Sean Miller and Rick Perez. (D.I. 1, Complaint Caption.)

> FN3. Although D.I. 115, 116, and 117 refer to Plaintiff's motion of December 27, 2004, I understand them to be directed to the City of Rehoboth's response (D.I.114) to Plaintiff's motion to amend his complaint (D.I.101), and Plaintiff's subsequent response (D.I.113) dated December 27, 2004, but actually filed on December 29, 2004.

Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth, Plaintiff's Request for Default and Motion for Default Judgment (D.I.64) will be denied; Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D.I.92) will be denied as moot; Plaintiff's Motion for Miscellaneous Relief (D.I.96) will be denied; and Plaintiff's Motion to Amend the Complaint (D.I.101) will be denied. Further, Sussex County and the Sussex County Defendants' Motion to Dismiss (D.I.8) will be granted; Speakman's Motion to Dismiss (D.I.9) will be granted; Speakman's Motion for a More Definite Statement (D.I.10) will be denied as moot; defendants Banks, Sutherland, Ladd, Glasco, Reynolds, Bushey, and Bucci's Motion to Dismiss (D.I.20) will be granted; defendant Wothers' Motion to Dismiss (D.I.58) will be granted; the Sands Defendants' Motion to Dismiss (D.I.82) will be granted; the Sands Defendants' Motion to Strike and/or Motion for Relief from Judgment (D.I.67) will be denied as moot; and the Motions for Joinder (D.I.115, 116, 117) will be denied as moot.

II. BACKGROUND [FN4]

> FN4. The following rendition of background information does not constitute findings of fact and is cast in the light most favorable to the non-moving party.

*2 On April 9, 2001, Plaintiff telephoned the Rehoboth Beach Police Department via 911 on two separate occasions. (D.I. 9 at 1.) On the first occasion, he requested a massage, and upon responding to his call, the police advised him not to use 911 for nonsense complaints. (D.I. 9 at 1.) Plaintiff then called 911 a second time, this time requesting ambulance transportation. (*Id.;* D.I. 1 at 9.) When the police responded to Plaintiff's second call, Plaintiff refused to open the door to his hotel room at the Sands. (D.I. 1 at 8.) Plaintiff asserts that he told the responding officers, Parsons, Riddle, and Armstrong, that he was fine, that he didn't want their services, and that they should leave despite his calling 911. (*Id.*) Plaintiff alleges that the police officers then gained entry to his room by obtaining a key from the hotel clerk, Miller. (*Id.*) At this point, Plaintiff asserts that he was handcuffed, sprayed with pepperspray, and arrested. [FN5] (*Id.* at 7-9.) Plaintiff alleges that he was "repeatedly smashed against the police car" by Parsons. (*Id.* at 8.) He was then taken before a local magistrate and then to a hospital where he was allegedly treated for eye and other injuries and given prescription medicine. [FN6] (*Id.* at 10.) Subsequently, he was transported to Sussex Correctional Institution ("SCI") and incarcerated there for approximately 24 hours. (*Id.* at 11.)

> FN5. Defendant Speakman asserts that upon the officers entering Plaintiff's hotel room, Plaintiff became "disorderly, aggressive and eventually violent," and was thus arrested. (D.I. 9 at 1.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 823867 (D.Del.)
(Cite as: 2005 WL 823867 (D.Del.))

Page 3

FN6. Because Plaintiff's complaint does not set forth events in strictly chronological order, it is unclear whether he was taken before the magistrate before being taken to the hospital, or vice versa.

Plaintiff asserts various allegations of wrongdoing against correctional officers identified only as "John Doe I" through "John Doe X." (See id. at 11-12A.) At SCI, Plaintiff alleges that he was beaten, denied proper food and water, and subjected to an involuntary taking of his blood and injection of "tuburculin." (Id. at 11.) Plaintiff alleges that he was subsequently ordered released "to the street" at approximately 9:30 p.m. on April 9, 2001, but was not actually released until four or five hours later. (Id. at 12.) During that time, Plaintiff asserts that he was forced to march, in the rain, back and forth between two buildings while passing close to a "vicious German shepard attack dog who barked and lunged" at him. (Id.) Upon release, Plaintiff asserts that John Doe IV refused to return his personal items, including his jacket, money, wallet, credit cards, keys and prescription medicine. (Id.) Eventually, Plaintiff went to the Rehoboth Beach Police Department where his personal items were returned to him by Sgt. Sutherland. (Id. at 12A.)

III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a court to accept as true all material allegations of the complaint. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998) (internal citation omitted). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. (internal citation omitted). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991).

IV. DISCUSSION

A. *Plaintiff's Motions*

1. Request for Default and Motion for Default Judgment

*3 The Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." Jorden v. National Guard Bureau, 877 F.2d 245, 251 (3d Cir.1989) (quoting Hritz v. Woma, 732 F.2d 1178, 1180-81 (3d Cir.1984)) (other internal citation omitted). The decision to deny a motion for default judgment lies within the discretion of the district court. See Jorden, 877 F.2d at 250-251 (the decision to deny a motion for default judgment is reviewed under an abuse of discretion standard) (internal citations omitted); Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir.2000) (noting the same standard of appellate review). In deciding whether to grant a motion for default judgment, a court should consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164 (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984)). Plaintiff has filed a request for default and motion for default judgment against Morrison, the Sands Defendants, R.N. Whittle, and Dr. Burns (D.I. 64 at 1-2.) In denying Plaintiff's request and motion, I first note that he has not alleged any prejudice if default is denied. Second, each defendant has a litigable defense. Specifically, as discussed *infra* Parts IV.B.1. and IV.B.5., Plaintiff's complaint against the Sands Defendants, R.N. Whittle, and Dr. Burns will be dismissed. Further, Morrison has filed an answer to Plaintiff's complaint raising litigable affirmative defenses, such as qualified immunity and statutory bars. (See D.I. 57, Affirmative Defenses.) Third, Plaintiff has not asserted that any delay in responding to his complaint was due to culpable conduct, "which in the Third Circuit is conduct that is 'taken willfully or in bad faith." ' Chamberlain, 210 F.3d at 164 (quoting Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir.1983)). Thus, Plaintiff's request and motion for default judgment (D.I.64) will be denied.

2. Motion for Leave to Proceed *in forma pauperis*

Plaintiff has filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (D.I.92). Plaintiff, however, paid the filing fee in full on April 9, 2003, executed summonses for each defendant, with the exception of Wothers, and each defendant has been served pursuant to Federal Rule of Civil Procedure 4. The paid filing fee cannot properly be refunded to Plaintiff, and, therefore, Plaintiff's motion is moot.

3. Motion for Miscellaneous Relief

Plaintiff filed what he claims is a "demand" for $384.00 from sixteen of the named defendants [FN7]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 823867 (D.Del.)
(Cite as: 2005 WL 823867 (D.Del.))

Page 4

and a for Rule 4 evidentiary hearing for "direct rule 4 costs including [what he calls] extraordinary and extensive interstate 'effecting service' requiring rental cars, lodging, food, professional and non-professional services, [and] countless trips and investigations regarding ... defendants with changing addresses and employment." (D.I. 96 at 3.) I consider Plaintiff's "demand" to be a motion under Federal Rule of Civil Procedure 4 for costs relating to effecting service upon those defendants.

> FN7. Plaintiff has named the following defendants: Banks, Parsons, Riddle, Armstrong, Sutherland, Ladd, Glasco, Reynolds, Bushey, Bucci, Wothers, Morrison, Kearney, and the Sands Defendants. (D.I. 96 at 3.)

*4 Because Plaintiff has not provided any supporting documentation to establish the "extraordinary and extensive" measures to affect service, nor directly related any of these alleged costs to the particular defendants named in his motion, I must deny Plaintiff's motion at this time.

4. Motion to Amend Complaint

Plaintiff filed a motion to amend his complaint (D.I.101) due to what he alleges is illegally withheld evidence. All motions, including a proper request for leave to amend a complaint, must "state with particularity the grounds therefor." Fed.R.Civ.P. 7(b). Although submitting a copy of the proposed amended complaint is not an absolute prerequisite to granting such a motion, when, as in this case, the court does not know precisely what Plaintiff intends to allege in his amended complaint, it is appropriate to deny such request. See Lempert v. Singer, 766 F.Supp. 1356, 1360 (D.V.I.1991) (denying plaintiff's motion for leave to amend complaint). In this case, the content of Plaintiff's proposed amendments is entirely unclear from his motion. Thus, I must deny his present request to amend.

B. *Defendants' Motions*

1. Sussex County Defendants' Motion to Dismiss

Sussex County, along with the Sussex County Defendants in their official capacities as "employees or otherwise" with Sussex County, have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I.8.) Plaintiff's claim against Sussex County is based on his assertion in paragraph 10 of his complaint that SCI "is a public institution organized, operated, governed, funded and/or existing under the laws of Sussex County and/or the State of Delaware, which institution at all times relevant employed the defendant personnel of said institution." (D.I. 1 at ¶ 10.)

It is undisputed that Sussex County is a State facility and that Sussex County does not operate SCI, nor have any interest in the facility. (D.I. 8 at ¶ 2 (citing Affidavit of Robert L. Stickles, July 15, 2003, D.I. 8, Ex. B.)) Furthermore, Sussex County does not employ any of the individuals listed on this motion or any correctional officers. (*Id.* (citing Affidavit of Robert L. Stickles, July 15, 2003, D.I. 8, Ex. B at ¶¶ 3-4.)) Based on the uncontested affidavit, even under the more lenient standard afforded pro se litigants, I must dismiss Plaintiff's complaint against Sussex County, and the so-called Sussex County Defendants in their official capacities as "employees or otherwise" with Sussex County . [FN8]

> FN8. If these individual defendants are in fact state employees being sued in their official capacity, then § 1983 does not provide for the remedy Plaintiff seeks, namely compensatory and punitive damages, because the suit is then effectively against the state, which is not a "person" subject to liability under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Furthermore, 18 U.S.C. § 242, which is also cited by Plaintiff, is a criminal statute and does not provide a private cause of action.

Additionally, because the complaint does not allege any specific facts relating to Sussex County or the Sussex County Defendants, I will *sua sponte* dismiss plaintiff's complaint against them in their individual capacities. [FN9]

> FN9. I note that Kearney has submitted a Memorandum of Points and Authorities in Support of Pending Motions to Dismiss (D.I.110) in which he joined D.I. 8, 9, 20, 58, and 82. Thus, because the complaint does not allege specific facts against Kearney, Plaintiff's complaint against him must be dismissed, as noted *supra* Part IV.B.1.

2. Speakman's Motion to Dismiss

Defendant Speakman filed a motion to dismiss for failure to state a claim upon which relief may be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 823867 (D.Del.)
**(Cite as: 2005 WL 823867 (D.Del.))**

Page 5

granted (D.I.9) pursuant to Fed.R.Civ.P. 12(b)(6). Again, the caption of Plaintiff's complaint includes Speakman in his individual and official capacity as City Solicitor for the City of Rehoboth Beach, but does not allege any specific factual allegations against him in either capacity. Thus, even under the more lenient standard for pro se litigants, I must dismiss Plaintiff's complaint against Speakman in both his individual and official capacity because Plaintiff has not alleged any facts in support of his claim that would entitle him to relief. [FN10]

> FN10. Because I will grant Speakman's motion to dismiss (D.I.9), his motion for a more definite statement (D.I.10) is moot.

3. Motion to Dismiss by Banks, Sutherland, Ladd, Glasco, Reynolds, Bushey and Bucci

*5 The defendants listed above have filed a motion to dismiss (D.I.20) pursuant to Rule 12(b)(6). Plaintiff names each of these defendants in their individual and official capacities as police officers for the City of Rehoboth Beach in the caption of his complaint. (D.I. 1 at 1.) Yet, Plaintiff does not allege any specific factual allegations against any of these defendants in either capacity. [FN11] Thus, I must dismiss Plaintiff's complaint against these defendants in both their individual and official capacities because Plaintiff has failed to allege any facts to support any claim that he may have against them.

> FN11. In fact, the only mention of any of these defendants is in paragraph 35 of Plaintiff's complaint, where he merely notes that "Sutherland returned [his] property" after his release. (D.I. 1 at ¶ 35.) This lone fact does not support any of the claims brought by Plaintiff in this action upon which any relief could be granted.

4. Motion to Dismiss by Wothers

Wothers has filed a motion to dismiss (D.I.58) for failure of service. By Order dated August 26, 2003, I ordered Plaintiff to complete service of process and file returns of service with the Court by October 10, 2003. (D.I.33) Based on the record, Wothers has still not been served, even a year and half after the expiration of my October 10, 2003 deadline. [FN12] Thus, I must grant Wothers motion to dismiss.

> FN12. Although Plaintiff asserts that Wothers has evaded service, Plaintiff offers nothing in support of such an assertion except the vague and unsupported assertion that Wothers somehow arranged with his co-workers to evade service. (D.I. 60 at ¶ 7.) Additionally, in Plaintiff's letter brief requesting an extension of time to serve (D.I.60), he asks for a "few days extension ... to immediately effect service on Mr. Wothers' counsel of record herein." (*Id.* at ¶ 11.) Yet, there is no record that, even after a year and half later, Plaintiff has done so.

5. Motion to Dismiss by the Sands Defendants

The Sands Defendants have filed a motion to dismiss (D.I.82) pursuant to Rule 12(b)(6). [FN13] In support of their motion, the Sands Defendants assert that Plaintiff's constitutional claims and claims based upon 42 U.S.C. § 1983 and 18 U.S.C. § 242 must be dismissed because they are "private sector employees and entities, and thus [were] not operating 'under color of law.' " (D.I. 82 at ¶ 7.) Plaintiff's complaint names each of the Sands Defendants "individually and in their official capacities as employees of the Atlantic Sands Hotel and Conference Center." (D.I. 1, Complaint Caption.)

> FN13. These defendants have also filed a Motion to Strike and/or Motion for Relief from Judgment (D.I.67). Because Plaintiff's Motion for Default Judgment will be denied, *see supra* Part IV.A.1., I do not need to reach this motion and thus consider it moot.

"[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of § 1983." *Abbott v. Latshaw,* 164 F.3d 141, 147- 48 (3d Cir.1998), *cert. denied,* 527 U.S. 1035 (1999) (internal citations omitted). The Third Circuit has endorsed the Seventh Circuit's approach to determine whether a complaint alleges the prerequisites of a civil conspiracy. *See Melo v. Hafer,* 912 F.2d 628, 638 n. 11 (3d Cir.1990) (citing *Hampton v. Hanrahan,* 600 F.2d 600, 620-21 (7th Cir.1979), *rev'd in part on other grounds,* 446 U.S. 754 (1980)), *aff'd,* 502 U.S. 21 (1991). "A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." ' *Hampton,* 600 F.2d at 600-621 (internal quotations omitted). In *Abbott,* the Third Circuit reversed a district court's *sua sponte* dismissal of the plaintiff's complaint for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 823867 (D.Del.)
**(Cite as: 2005 WL 823867 (D.Del.))**

Page 6

failure to allege such a conspiracy. *Abbott,* 164 F.3d at 148. The basis for the reversal was that the plaintiff had alleged in his complaint that the state official acted "at the instance and request of [the private party defendant]" and that the private party defendant was thus "acting under color of state law." *Id.*

*6 In the instant case, however, the facts are quite different. The only factual grounds alleged in the complaint against the Sands Defendants are the turning over of the Plaintiff's room key to the police, and the police defendants' failure to interview Sean Miller, the hotel clerk. (See D.I. 1 at ¶ ¶ 21, 24.) First, Plaintiff admits that he called 911 twice, the second time, to request an ambulance. (D.I. 1 at 9.) Second, Plaintiff recognizes that the police only arrived at his hotel room in response to his 911 call. (*Id.*) Third, it was only after Plaintiff refused to open the door to his room as requested by the police, that the police, in response to Plaintiff's emergency call, "obtain[ed] the key from the hotel clerk." (*Id.* at 8.) Plaintiff thus acknowledges that, unlike the facts in *Abbott,* the police were acting in response to a request made by Plaintiff, not the private party Sands Defendants. Further, the hotel clerk's turning over the key to Plaintiff's room was in response to a law enforcement request based on Plaintiff's 911 phone call claiming an emergency. This can in no way be considered an action implying any type of conspiracy. Thus, this is precisely a case in which the complaint contains conclusory allegations of concerted action, as asserted in Count IV of Plaintiff's complaint, but is devoid of facts actually reflecting joint action. *See Abbott,* 164 F.3d at 148 (citing *Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir.1998), *cert. denied,* 525 U.S. 930 (1998) (affirming dismissal of complaint where plaintiff "included only accusations and conclusory allegations that the defendants conspired")). Accordingly, because Plaintiff's complaint does not contain sufficient facts to support a conspiracy allegation, I will grant the Sands Defendants' motion to dismiss.

Additionally, Plaintiff has asserted various state law claims against the numerous defendants in this case. The only state law claim that Plaintiff states is applicable specifically to the Sands Defendants is for breach of contract, based on the rental agreement for the hotel room rented by Plaintiff. [FN14] (D.I. 1 at ¶ 59.) Plaintiff, however, has not attached a copy of a rental agreement contract, nor provided any facts upon which such an asserted breach could possibly be found. Thus, Plaintiff fails to state a claim under which relief could be granted against the Sands Defendants.

FN14. There are no other facts alleged in Plaintiff's complaint upon which relief could be granted based on the other asserted state law claims, even assuming Plaintiff intended to assert them against the Sands Defendants.

6. Motions for Joinder

In D.I. 115, 116, and 117 various defendants have submitted unopposed motions to join the City of Rehoboth Beach's Response to Plaintiff's Motion of December 27, 2004 (D.I.114), in which the City of Rehoboth essentially objects to Plaintiff's request for leave to amend his complaint. Because I have denied Plaintiff's motion to amend, I will deny these motions as moot, in so far as the specifically denied motion to amend is concerned.

V. CONCLUSION

Accordingly, Plaintiff's Request for Default and Motion for Default Judgment (D.I.64) will be denied; Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D.I.92) will be denied as moot; Plaintiff's Motion for Miscellaneous Relief (D.I.96) will be denied; and Plaintiff's Motion to Amend the Complaint (D.I.101) will be denied. Further, Sussex County and the Sussex County Defendants' Motion to Dismiss (D.I.8) will be granted; Speakman's Motion to Dismiss (D.I.9) will be granted; Speakman's Motion for a More Definite Statement (D.I.10) will be denied as moot; defendants Banks, Sutherland, Ladd, Glasco, Reynolds, Bushey, and Bucci's Motion to Dismiss (D.I.20) will be granted; defendant Wothers' Motion to Dismiss (D.I.58) will be granted; the Sands Defendants' Motion to Dismiss (D.I.82) will be granted; the Sands Defendants' Motion to Strike and/or Motion for Relief from Judgment (D.I.67) will be denied as moot; and the Motions for Joinder (D.I.115, 116, 117) will be denied as moot. An appropriate order will follow.

Not Reported in F.Supp.2d, 2005 WL 823867 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03CV00362 (Docket) (Apr. 09, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2006, I electronically filed **DEFENDANTS' COMPENDIUM OF UNREPORTED DECISIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Stephen J. Neuberger, Esquire
Thomas S. Neuberger, P.A.
Two East 7th Street
Suite 302
Wilmington, DE 19801

_____
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328
TEL: 302-888-6514
EMAIL: DEBrand@prickett.com

19851.1\299962v1