# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

ZAHRA MOWAFY,                                    :        NO: 05-733-KAJ
                                                 :
                    Plaintiff                    :
                                                 :
        v.                                       :        JURY TRIAL DEMANDED
                                                 :
NORAMCO OF DELAWARE, INC.                        :
And NORAMCO, INC.                                :
                                                 :
                    Defendant                    :


## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR DEFAULT JUDGMENT


THE NEUBERGER FIRM, P.A.            MACELREE HARVEY, LTD.


/s/ Stephen J. Neuberger           /s/ William T. Wilson
STEPHEN J. NEUBERGER, ESQ.         William T. Wilson, Esq.
(#4440)                            PA Supreme Ct. ID:  41793
Two East Seventh Street, Suite 302 17 West Miner St
Wilmington, DE  19801-3707         P.O. Box 660
(302) 655-0582                     West Chester, PA  19381-0660
SJN@NeubergerLaw.com               (610) 436-0100
Attorney for Plaintiff             Attorney for Plaintiff, Admitted *Pro Hac Vice*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………… 2

I.     INTRODUCTION……………………………………………………….. 4

II.    STATEMENT OF THE NATURE AND
       STAGE OF THE PROCEEDINGS……………………………………. 5

III.   SUMMARY OF ARGUMENT………………………………………… 6

IV.  STATEMENT OF FACTS…………………………………………….. 7

V.   ARGUMENT……………………………………………………………. 9

VI.  CONCLUSION………………………………………………………… 13

CERTIFICATE OF SERVICE…………………………………………………. 14

1

# TABLE OF AUTHORITIES

## Cases:

American National Bank and Trust Co. of Chicago v. Alps Electric Co., Ltd,
    2002 U.S. Dist. LEXIS 5413 *9 (N.D. Ill. March 29, 2002)................... 12

Carty v. R.I. Dept. of Corrections,
    2001 WL 210474 (D.R.I. Jan 22, 2001)............................................. 11

Chamberlain v. Giampapa,
    210 F. 3d. 154, 164 (3d. Cir. 2000)................................................. 11

Gross v. Stereo Component Systems, Inc.,
    700 F.2d 120, 124 (3d Cir. 1983)................................................... 11

Hechinger Investment Co. of Delaware, Inc. v. Rocky Mountain News,
    297 B.R. 9, 11 (D. Del. 2003)...................................................... 10,12

Hutton v. Fisher,
    359 F.2d 913, 916 (3d Cir. 1966)................................................... 12

Jorden v. National Guard Bureau,
    877 F.2d 245, 250 – 51 (3rd Cir. 1989)............................................ 10

Mullane v. Central Hanover Bank & Trust Co.,
    339 U.S. 306, 314 (1950)............................................................ 10

Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas,
    51 F. 3d 1383, 1387 (8th Cir. 1994)................................................. 9

Preston v. Mendlinger,
    83 F.R.D. 198 (S.D.N.Y. 1979)...................................................... 10

Sanderford v. Prudential Insurance Co. of America,
    902 F.2d 897, 900 (11th Cir. 1990).................................................. 10

Shipley v. First Federal Savings & Loan Assoc.,
    619 F. Supp. 421, 436 – 437 (D. Del. 1985)......................................... 10

Spitzer v. Operation Rescue Nat.,
    69 F. Supp. 2d 408, 416 (W.D.N.Y. 1999)............................................. 9

Trevino-Barton v. Pittsburgh National Bank,
    919 F. 2d 874 (3d. Cir. 1990)........................................................ 7

**Statutes/Rules:**

42 U.S.C.. §2000e-5……………………………………………….      11

Federal Rule of Civil Procedure 4………………………….   5, 7, 8, 9,10,11

Federal Rule of Civil Procedure 12……………………………….4, 6,10,11

Federal Rule of Civil Procedure 55………………………………..     5, 8

## I.     INTRODUCTION

Plaintiff, Zahra Mowafy (Mowafy) submits this Reply Brief in Support of her Motion for Default Judgment and in response to the Brief of the Defendants, Noramco of Delaware, Inc. and Noramco, Inc. (collectively, Noramco).  Noramco's brief revealed the reason for its apparent default for the first time.

Where a defendant deliberately chooses default rather than a motion under Federal Rule of Civil Procedure 12(b), and the only basis for that decision is an unclear claim of technical insufficiency of process rather than a failure of notice, it has done so at its peril.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Mowafy filed her original complaint in this matter on October 18, 2005 (D.I. 1). An amended complaint was filed on November 1, 2005 (D.I. 3). Plaintiff requested a waiver of service of summons and complaint under F.R.C.P. 4(d) on November 23, 2005 and a signed copy was returned and dated December 22, 2005. (D.I. 7). Mowafy filed a Motion to the Clerk for Entry of Default under Fed.R.Civ.P. 55(a) on March 14 (D.I. 8) and a Motion for Default Judgment Under Rule 55(b) the next day (D.I. 9). On March 20, 2006, Noramco filed a Brief in Opposition to the Motion for Judgment (D.I. 11).

## III.    SUMMARY OF ARGUMENT

The record establishes, by a fair preponderance of the evidence, effective and proper service on Noramco.  Moreover, Noramco made a deliberate, tactical decision to default based on a technical deficiency of service of process, not a failure of notice such as would raise issues of due process or personal jurisdiction.  If it wished to challenge service, it should have proceeded under Fed.R.Civ.P. 12(b)(4) or (5).  It is in default.

Judgment should be entered because denial thereof will prejudice the plaintiff both procedurally and financially, because no litigable defenses have been articulated, and because of the willfulness of Noramco's choice.

## IV.  STATEMENT OF FACTS

Zahra Mowafy filed a charge with the Equal Employment Opportunity Commission (EEOC) on October 27, 2003 (D.I. 1 ¶ 12[1]; D.I. ¶ 12).  After the issuance of a Notice of Right to Sue on July 19, 2005 (Id, ¶ 13), she filed a complaint with the Honorable Court on October 18, 2005.  (D.I. 1).  An amended complaint was filed November 1, 2005 (D.I. 3).  The differences between the two pleadings are the deletion of Mowafy's specific date of birth (D.I. 3, ¶ 1), in response to the Clerk's suggestion, and the deletion of extraneous language concerning a nonexistent entity, Health Services, Inc., which had been part of the caption in the complaint due to the undersigned's defective proofreading.

Mowafy's counsel served Noramco, using Fed.R.Civ.P. 4(d)'s procedures[2], on November 23, 2005 at its Wilmington location (Exhibit 2).  Counsel had delayed service in order to be able to serve the corrected pleadings (Exhibit 1).  The normal procedures of his office call for the inclusion of all pleadings on file when service is so postponed.  The Notice and Request for Waiver contains the corrected caption (Exhibit 2).  It modifies the form from the Federal Rules of Civil Procedure's Appendix of Forms, Form 1A, only where the said form's notes identify a need for editing and does not state that an amended complaint was served.  On December 22, 2005, Noramco's counsel in Philadelphia executed the Waiver, which also made no specific reference to an amended complaint (D.I. 7), and returned it saying that there would be an "answer to

---

[1] Noramco's statements, at page 4 of its brief, that her charge was not attached to the pleadings and was not filed until January 9, 2003 (D.I. 11) are in error.  The document that Noramco suggests was the charge (referred to there as a "complaint") is, instead, a Notice of Charge sent by the EEOC.  Mowafy had little control over when that government agency would eventually serve Noramco with the notice.  Her charge was filed as alleged in the complaint and amended complaint herein, within 300 days of her January 9, 2003 termination.  This was timely filing.  Trevino-Barton v. Pittsburgh National Bank, 919 F. 2d 874 (3d. Cir. 1990).
[2] The relative degree of fidelity to the Rule is one of the issues before the Court.

the complaint in the time prescribed by the Federal Rules of Civil Procedure." (Exhibit 3).[3]

On March 14, 2006, no pleadings had been filed by Noramco.  Mowafy filed a motion for entry of default under Fed.R.Civ.P. 55(a) on that date (D.I. 8) and followed up with a Motion for Default Judgment on March 15 (D.I. 9).   Noramco's counsel received a copy of that Motion on March 17 and filed its Brief in Opposition on March 20 (D.I. 11). In an affidavit attached to that brief, Noramco's Philadelphia counsel states that he is familiar with the litigation history of this matter and is not aware of the service of the amended complaint in Wilmington (Id, Exhibit B).

---

[3] Noramco correctly observes that the Waiver was not filed with the Court until February 22, 2006.  (D.I. 11, p. 5).  Mowafy is unsure as to the point of this observation.  F.R.C.P. 4(d)(4) says that the case will proceed, after the filing of the waiver, as if summons and complaint had been filed on that date, "except as provided in paragraph (3)."  That paragraph gives the defendant sixty (60) days from the request for waiver or 90 days if service was outside any judicial district of the United States, and does not suggest that the time limit be extended from the date of the waiver's filing.

## V.    ARGUMENT

### A.  The Record Shows Sufficient Service of Process

It is the normal practice for Mowafy's counsel to serve all outstanding pleadings at the same time as the initial mailing, when the waiver of service of summons procedures of Fed. R. Civ. P. 4(d) are used.  In this case, service was postponed for a brief period specifically because counsel became aware of a need to amend the complaint.  It is even more than normally likely that the amended complaint was included in the package mailed to Noramco, when its inclusion was the very purpose of the delay in service.  The only evidence in the record that the amended complaint was not included is an affidavit that it was not included with the complaint when forwarded from Wilmington to the Philadelphia offices of Noramco's attorneys there.  Given the fact that the amended complaint is, in every one of its substantive averments, identical to the amended one, it is quite plausible that it was seen as a duplicate copy by its original recipient.  In the absence of any evidence from that original recipient, the preponderance of evidence shows that the amended complaint was effectively served. See, Northrup King Co. v Compania Productora Semillas Algodoneras Selectas, 51 F. 3d 1383, 1387 (8th Cir. 1995)(burden lies on plaintiff to establish proper service by preponderance of evidence); but see, Spitzer v Operation Rescue Nat., 69 F. Supp. 2d 408, 416 (W.D.N.Y. 1999)(burden of proof lies with party challenging sufficiency of service).

### 2. A Challenge to Sufficiency of Service was Waived

A defect in service of process can raise considerations of due process and personal jurisdiction if the defendant has not received the "notice reasonably calculated,

under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950); <u>Shipley v. First Federal Savings & Loan Assoc.</u>, 619 F. Supp. 421, 436 – 437 (D. Del. 1985).

No such issue is presented here. Rather, the issue in this matter is one of the sufficiency of service of process. The proper way to challenge a deficiency in service of process is through a motion filed under Fed.R.Civ.P. 12(b)(4) or (5). <u>Hechinger Investment Co. of Delaware, Inc. v. Rocky Mountain News</u>, 297 B.R. 9, 11 (D. Del. 2003); <u>Sanderford v. Prudential Insurance Co. of America</u>, 902 F.2d 897, 900 (11th Cir. 1990). Such a motion should be filed within 60 days after the date when a request for waiver was sent under Rule 4(d), or within 90 days after that date if service was outside any judicial district of the United States. Fed.R.Civ.P. 12(a)(1)(B); 12(a)(4).

> Thus, a party who waits until a motion for default judgment is filed to raise allegedly deficient service does so at its own risk.

<u>Hechinger Investment Company of Delaware, Inc. v. Rocky Mountain News</u>, <u>supra</u>, at 12.

Even if service was deficient,[4] it does not become a nullity. Whether Noramco should suffer an adverse consequence for not proceeding with a timely motion under Rule 12(b)(5) and, instead, have its default reduced to judgment is left to the discretion of the Court. <u>Jorden v. National Guard Bureau</u>, 877 F.2d 245, 250 – 51 (3rd Cir. 1989). The Court should consider (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is

---

[4] At least one Court has held that service of a complaint which has been superseded by an amended complaint is not proper service. <u>Preston v. Mendlinger</u>, 83 F.R.D. 198 (S.D.N.Y. 1979).

due to culpable conduct.  Chamberlain v. Giampapa, 210 F. 3d. 154, 164 (3d. Cir. 2000).

It is clear that Noramco made a deliberate decision to go into default, instead of proceeding under Fed.R.Civ.P. 12(b)(5), to attempt to gain tactical advantage.  Quite able counsel returned a signed waiver stating an answer would be served, then did not serve one.  This was not inadvertent.  Rather, it was based on the theory, articulated in Noramco's brief, that the waiver did not cover the amended complaint, the filing of which excused Noramco from a duty to answer.  If Noramco had not become aware of an amended complaint at some point, an answer would have been filed.

Why then, did Noramco choose default of an answer over a motion under Rule 12(b)(5)?  It hopes to successfully assert, now that the 120 days allowed for service of the amended complaint under Fed.R.Civ.P. 4(m) and the 90 days for filing a complaint after issuance of Notice of Right to Sue under 42 U.S.C. §2000e-5 have both passed, that service was deficient and that the time limit should not be extended, and thus win this case outright.  See, Carty v. R.I. Dept. of Corrections, 2001 WL 210474 (D.R.I. Jan 22, 2001) (cited by defendant at p. 6 of its brief).   A timely motion under Rule 12 would not have allowed this possibility, which would give great weight to the factor of prejudice to the plaintiff if default is denied.

There is nothing in the record to reveal the nature of Noramco's defense.

Culpable conduct, in the Third Circuit, is conduct that is "taken willfully or in bad faith."  Chamberlain v. Giampapa, supra, at 164, citing, Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 124 (3d Cir. 1983).   If not in bad faith, it is clear that

Noramco's default was the result of a deliberate, willful decision, as explained previously.

Among other factors that have been considered are the amount of money involved in the case. Matters involving large sums should be determined on the merits. <u>Hutton v. Fisher</u>, 359 F.2d 913, 916 (3d Cir. 1966). In <u>American National Bank and Trust Co. of Chicago v. Alps Electric Co., Ltd</u>, 2002 U.S. Dist. LEXIS 5413 *9 (N.D. Ill. March 29, 2002), a case cited by the Court in <u>Hechinger Investment Co. of Delaware, Inc. v. Rocky Mountain News, supra</u>, the $12 million amount at stake weighed heavily against default. In contrast, Mowafy has found other employment since her termination. Even allowing for some continuing losses in earnings thereafter, it is entirely likely that the transactional costs of fully litigating her case would exceed its inherent value, exclusive of those costs. No matter how great her unliquidated claim may eventually prove to be, they will surely not approach the $12 million range.

## VI.    CONCLUSION

For the reasons explained above, Mowafy respectfully asks the Court to enter judgment against defendants and to schedule a hearing or trial on damages and injunctive relief at a time convenient to the Court.

THE NEUBERGER FIRM, P.A.          MACELREE HARVEY, LTD.


/s/ Stephen J. Neuberger          /s/ William T. Wilson
STEPHEN J. NEUBERGER, ESQ.        William T. Wilson, Esq.
(#4440)                           PA Supreme Ct. ID:  41793
Two East Seventh Street, Suite 302  17 West Miner St
Wilmington, DE  19801-3707        P.O. Box 660
(302) 655-0582                    West Chester, PA  19381-0660
SJN@NeubergerLaw.com              (610) 436-0100
Attorney for Plaintiff            Attorney for Plaintiff, Admitted *Pro Hac Vice*

COMMONWEALTH OF PENNSYLVANIA :
                                                    : ss
COUNTY OF CHESTER                      :

## AFFIDAVIT OF WILLIAM T. WILSON

I, William T. Wilson, being first duly sworn, make the following affidavit:

1.      I am an attorney and director with the law firm of MacElree Harvey, Ltd., and represent the Plaintiff in the matter of Zahra Mowafy v. Noramco of Delaware, Inc. and Noramco, Inc., U.S. District Court for the District of Delaware civil action No: 05-733.

2.      When the complaint was filed in this matter, the Clerk of Court advised that the preferred practice in the District was to not include the specific date of birth of parties.  Accordingly, an amended complaint was prepared and filed.  In the course of preparing the amended complaint, i9t came to my attention that the complaint's caption contained the name "Health Services, Inc." which had nothing to do with this case.  The exclusion of this extraneous language was also included in the amendment.

3.      I did not serve the original complaint until after the amendments were completed and a correct summons was issued.  My purpose in this postponement was so that all of the record documents would be served together.

4.      It has been the routine practice of my office, and my own habit, during my twenty-two years of private practice, to include copies of all of the pleadings on file in a federal action when initial service on a party is made.  Over the past fifteen years, most of my litigation practice has been in the federal

EXHIBIT 1

courts.  I cannot reconstruct the number of times that an amended complaint has been filed prior to service of the original complaint, but there have been a number of such occasions among approximately 100 complaints filed.

_____
WILLIAM T. WILSON

Sworn to and subscribed

before me this _27th_ day

of _March_, 2006.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Barbara J. Butler, Notary Public
West Chester Boro, Chester County
My Commission Expires Sept. 21, 2008

Member, Pennsylvania Association Of Notaries

284146



271522

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

ZAHRA MOWAFY,                          :        NO: 05-733-KAJ
                                       :
              Plaintiff                :
                                       :
        v.                             :        JURY TRIAL DEMANDED
                                       :
NORAMCO OF DELAWARE, INC.              :
And NORAMCO, INC.                      :
                                       :
              Defendant                :

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:    Noramco, Inc.
       500 Swedes Landing Road
       Wilmington, DE

        A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Delaware and has been assigned the docket number 05-733-KAJ.

        This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

        If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

        If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

EXHIBIT 2

271522

    I affirm that this request is being sent to you on behalf of the plaintiff, this 23rd day of November, 2005.

William T. Wilson, Esq.
Attorney for Plaintiff
PA Supreme Ct. ID:  41793
MACELREE HARVEY, LTD.
17 West Miner St.
P.O. Box 660
West Chester, PA  19381-0660
(610) 436-0100

271522

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

ZAHRA MOWAFY,                          :        NO:  05-733-KAJ
                                       :
                Plaintiff              :
        vi.                            :        JURY TRIAL DEMANDED
                                       :
NORAMCO OF DELAWARE, INC.              :
And NORAMCO, INC.                      :
                                       :
                Defendant              :

### WAIVER OF SERVICE OF SUMMONS

TO:    William T. Wilson, Esq.

     I acknowledge receipt of your request that I waive service of a summons in the action of Zahra Mowafy v. Noramco of Delaware, Inc. and Noramco, Inc., which is case number 05-733-KAJ in the United States District Court for the District of Delaware.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after November 23, 2005 or within 90 days after that date if the request was sent outside the United States.

NORAMCO, INC.

_____
Signature

Date:_____          _____
                            (Title)

271522

## <u>DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS</u>

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause can be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

DEC 2 8 2005

**Alton A. J. Harmon**
215.963.5493
aharmon@morganlewis.com
eFax: 877.432.9652

Not admitted to practice in Pennsylvania

December 22, 2005

William T. Wilson, esquire
17 West Miner Street
P.O. Box. 660
West Chester, Pennsylvania 19381

Re:   **Mowafy v. Noramco of Delaware, Inc.:  No.: 05-733-KAJ**

Dear Mr. Wilson:

We have enclosed a Waiver of Service of Summons for Normaco of Delaware Inc. and Noramco, Inc. in the above referenced matter. We will answer the Complaint in the time prescribed by the Federal Rules of Civil Procedure.

Please feel free to contact me should you have any questions.

Sincerely,

Alton A. J. Harmon
AAJH/aajh

Enclosures

c:      Larry L. Turner, Esquire

EXHIBIT 3

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton
Chicago  Palo Alto  Dallas  Harrisburg  Irvine  Boston  London  Paris  Brussels  Frankfurt  Tokyo

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on March 27, 2006, I caused two (2) copies of this Reply Brief in Support of Motion for Default Judgment to be served on the counsel named below by the means indicated:

Alton A.J. Harmon, Esq.
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
(First Class Mail)


THE NEUBERGER FIRM, P.A.


/s/ Stephen J. Neuberger
STEPHEN J. NEUBERGER, ESQ.  (#4440)
Two East Seventh Street, Suite 302
Wilmington, DE  19801-3707
(302) 655-0582
SJN@NeubergerLaw.com
Date:  March 27, 2006        Attorney for Plaintiff

14