IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ZAHARA MOWAFY,<br><br>                    Plaintiff<br><br>    v.<br><br>NORAMCO OF DELAWARE, INC.<br>and NORAMCO, INC.,<br><br>                  Defendants | NO. 05-733-KAJ<br><br>JURY TRIAL DEMANDED |

### BRIEF FOR PLAINTIFF IN SUPPORT OF MOTION TO EXTEND TIME
### FOR SERVICE OF AMENDED COMPLAINT

| | |
|---|---|
| THE NEUBERGER FIRM, P.A. | MacELREE HARVEY, LTD. |
| /s/Stephen J. Neuberger<br>Stephen J. Neuberger, Esquire<br>(#4440)<br>Two East Seventh Street, Suite 302<br>Wilmington, DE 19801-3707<br>(302) 655-0582<br>SJN@NeubergerLaw.com<br>Attorney for Plaintiff | /s/William T. Wilson<br>William T. Wilson, Esquire<br>PA Supreme Court I.D.: 41793<br>17 West Miner Street, P.O. Box 660<br>West Chester, PA 19381-0660<br>(610) 436-0100<br>Attorney for Plaintiff,<br>Admitted *Pro Hac Vice* |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| ii. | TABLE OF AUTHORITIES...................................................... | ii |
| I. | INTRODUCTION.................................................................... | 1 |
| II. | STATEMENT OF THE NATURE AND STATE OF THE PROCEEDINGS........................................... | 2 |
| III. | SUMMARY OF ARGUMENT ................................................. | 3 |
| IV. | STATEMENT OF FACTS....................................................... | 4 |
| V. | ARGUMENT........................................................................... | 6 |
| | A.   Good Cause is Present............................................... | 6 |
| | B.   Even if Good Cause is Not Present, an Extension Should be Granted................................................... | 7 |
| VI. | CONCLUSION....................................................................... | 8 |
| CERTIFICATE OF SERVICE................................................................ | | 9 |

# TABLE OF AUTHORITIES

**Cases:**

    Gross v. Stereo Component Systems, Inc.,
        700 F.2d 120, 122 (3d. Cir. 1983)………………………  7

    In re: Harnischfeger Industries, Inc.,
        288 B.R. 79, 86 (D. Del. 2003)……………………….  6, 7

    MCI Telecommunications Corp. v. Teleconcepts, Inc.,
        71 F.3d 1086, 1097 (3d Cir. 1995)………………………  6

    Petrucelli v. Bohringer & Ratzinger, GmbH,
        46 F.3d 1298, 1305 (3d Cir. 1995)………………………  6, 7

    United States v. Nuttall,
        122 F.R.D. 163, 166-67 (D. Del. 1988)………………………  6

**Statutes/Rules:**

    42 U.S.C. §2000 e-5……………………………………………  7

    Federal Rule of Civil Procedure 4……………………………1, 2, 3. 4, 5

    Federal Rule of Civil Procedure 55………………………………  2, 5

I.  **INTRODUCTION**

Plaintiff, Zahra Mowafy (Mowafy) submits this Brief in Support of her Motion for Extension of Time Under Fed. R. Civ. P. 4(m).

Where there is good cause shown for a failure to serve process within the 120 days provided in Fed. R. Civ. P. 4(m), the Court must extend the time for service. In the absence of good cause, the Court must decide whether to exercise its discretion to extend the time for service. In this case, there is good cause for extension and, even if not, ample reason to warrant the exercise of discretion in favor of an extension.

## II.   STATEMENT OF THE NATURE AND STATE OF THE PROCEEDINGS

Mowafy filed her original complaint in this matter on October 18, 2005 (D.I.1).  An amended complaint was filed on November 1, 2005 (D.I.3).  Plaintiff requested a waiver of service of summons and complaint under Fed. R. Civ. P. 4(d) on November 23, 2005 and a signed copy was returned and dated December 22, 2005.  (D.I.7).  Mowafy filed a Motion to the Clerk for Entry of Default under Fed. R. Civ. P. 55(a) on March 14 (D.I.8) and a Motion for Default Judgment Under Rule 55(b) the next day (D.I.9).  On March 20, 2006, Noramco filed a Brief in Opposition to the Motion for Judgment (D.I.11).  Mowafy's Reply to that Brief was filed March 27, 2006.

This Motion is now made to extend the time for service of process, in the event that default judgment is not entered, to allow the case to move forward on the merits.

## III.   SUMMARY OF ARGUMENT

If default judgment is not entered pursuant to a Motion filed earlier, the time limit for service of process under Fed. R. Civ. P. 4(m) should be extended. The Court is required to grant the extension when there is good cause, and good cause for the extension is present due to the fact that service was valid, according to everything visible to Mowafy, until Noramco filed its Answer to the Motion for Default Judgment on March 20, 2006. Even in the absence of good cause, the Court should grant the requested extension as an exercise of its discretion.

## IV. STATEMENT OF FACTS

Zahra Mowafy filed a charge with the Equal Employment Opportunity Commission (EEOC) on October 27, 2003 (D.I. 1 ¶ 12; D.I. ¶ 12). After the issuance of a Notice of Right to Sue on July 19, 2005 (Id, ¶ 13), she filed a complaint with this Honorable Court on October 18, 2005. (D.I. 1). An amended complaint was filed November 1, 2005 (D.I. 3). The differences between the two pleadings are the deletion of Mowafy's specific date of birth (D.I. 3, ¶ 1), in response to the Clerk's suggestion, and the deletion of extraneous language concerning a nonexistent entity, Health Services, Inc., which had been part of the caption in the complaint due to the undersigned's defective proofreading.

Mowafy's counsel served Noramco, using Fed. R. Civ. P. 4(d)'s procedures, on November 23, 2005 at its Wilmington location (Exhibit 2). Counsel had delayed service in order to be able to serve the corrected pleadings (Exhibit 1). The normal procedures of his office call for the inclusion of all pleadings on file when service is so postponed. The Notice and Request for Waiver contains the corrected caption (Exhibit 2). It modifies the form from the Federal Rules of Civil Procedure's Appendix of Forms, Form 1A, only where the said form's notes identify a need for editing and does not state that an amended complaint was served. On December 22, 2005, Noramco's counsel in Philadelphia executed the Waiver, which also made no specific reference to an amended complaint (D.I. 7), and returned it saying that there would be an "answer to the complaint in the time prescribed by the Federal Rules of Civil Procedure." (Exhibit 3).

On March 14, 2006, no pleadings had been filed by Noramco. Mowafy filed a Motion for Entry of Default under Fed. R. Civ. P. 55(a) on that date (D.I. 8) and followed up with a Motion for Default Judgment on March 15 (D.I. 9). Noramco's counsel received a copy of that Motion on March 17 and filed its Brief in Opposition on March 20

(D.I. 11). In that Brief, Noramco challenged the adequacy of service, alleging that only the original complaint had been served and that, since the amended complaint was not served, no response had been required. Mowafy has filed a Reply, continuing to seek entry of judgment.

    Mowafy now moves to extend the time for service under Fed. R. Civ. P. 4(m).

**V.    ARGUMENT**

Fed. R. Civ. P. 4(m) requires that a summons and complaint be served within 120 days of filing. If this is not done, the rule provides that the court:

> shall dismiss the action without prejudice as to that defendant and direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Id. When a request for extension of the 120 day time limit comes up, a two-step inquiry is required. First, if the Court finds that good cause exists, the extension of time must be granted. Petrucelli v. Bohringer & Ratzinger, GmbH, 46 F.3d 1298, 1305 (3d Cir. 1995); In re: Harnischfeger Industries, Inc., 288 B.R. 79, 86 (D. Del. 2003). If good cause is not shown, the Court goes on to decide if an extension of time to effect service should be granted in its sound discretion. Id.

   A. Good Cause is Present.

Fed. R. Civ. P. 4(m) does not define good cause, but the Third Circuit has decided it requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for non-compliance within the time specified by the rules." MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Courts have considered (1) the reasonableness of the plaintiff's efforts at service, (2) prejudice to the defendant from untimely service, and (3) whether the plaintiff moved for an enlargement. Id., citing, United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988). The focus is primarily on the plaintiff's reasons for not complying with the time limit. Id.

In this case, there are no facts that suggest other than good faith effort at service on Mowafy's part, and the suggestion of a defect in service of process was not made until March 20, after she had moved for default judgment. Her Motion for Enlargement has followed with reasonable speed. There is no prejudice to Noramco's ability to defend itself. Good cause is present.

### B. Even if Good Cause is Not Present, an Extension Should be Granted.

If an extension is not required by a showing of good cause, the Court decides whether to grant one as a matter of discretion. At this stage, the Court may look at whether the statute of limitations has run. In re: Harnischfeger Industries, Inc. supra, at 87, citing, Petrucelli v. Bohringer & Ratzinger, GmbH, supra at 1306. Cases should be disposed of on the merits whenever practical Id., citing, Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d. Cir. 1983).

The 90 day time limit for filing a complaint after the receipt of Notice of Right to Sue from the EEOC has now run. 42 U.S.C. §2000 e-5. Dismissal would thus prevent Mowafy from pursuing her claim due to the expiration of a statute of limitations. As in Harnischfeger Industries, Inc., supra, the expiration of the statute of limitations, in combination with the same factors that are offered in support of a finding of good cause in Part A of this Brief, compel the exercise of discretion in Mowafy's favor here.

## VI.    CONCLUSION

If Noramco does not pay a price for its tactical decision to default, it should not receive the windfall of overall victory. Assuming that Mowafy's Motion for Entry of Default Judgment is denied, the litigation process should be allowed to go forward after doubts about the alleged defect in service of process is cured. This requires an extension of the time limit for service.

| | |
|---|---|
| THE NEUBERGER FIRM, P.A. | MacELREE HARVEY, LTD. |
| /s/Stephen J. Neuberger<br>Stephen J. Neuberger, Esquire<br>(#4440)<br>Two East Seventh Street, Suite 302<br>Wilmington, DE  19801-3707<br>(302) 655-0582<br>SJN@NeubergerLaw.com<br>Attorney for Plaintiff | /s/William T. Wilson<br>William T. Wilson, Esquire<br>PA Supreme Court I.D.:  41793<br>17 West Miner Street, P.O. Box 660<br>West Chester, PA  19381-0660<br>(610) 436-0100<br>Attorney for Plaintiff,<br>Admitted *Pro Hac Vice* |

## CERTIFICATE OF SERVICE

    I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on April 10, 2006, I caused two (2) copies of foregoing Brief in Support of Motion to Extend time for Service of Amended Complaint to be served on the counsel named below by the means indicated:

        Alton A.J. Harmon, Esq.
        MORGAN, LEWIS & BOCKIUS, LLP
        1701 Market Street
        Philadelphia, PA  19103-2921
        (First Class Mail)

        THE NEUBERGER FIRM, P.A.

        /s/ Stephen J. Neuberger
        STEPHEN J. NEUBERGER, ESQ.  (#4440)
        Two East Seventh Street, Suite 302
        Wilmington, DE  19801-3707
        (302) 655-0582
        SJN@NeubergerLaw.com
Date:  April 10, 2006        Attorney for Plaintiff