IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAHRA MOWAFY, | : | NO: 05-733 (KAJ) |
| **Plaintiff,** | : | |
| v. | : | |
| NORAMCO OF DELAWARE, INC. and NORAMCO, INC., | : | |
| **Defendants.** | : | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STAY THIS CIVIL ACTION PENDING SUBMISSION OF PLAINTIFF'S CLAIMS TO DEFENDANTS' DISPUTE RESOLUTION PROGRAM**

DAVID E. BRAND (I.D.#201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
(302) 888-6514
Attorneys for Defendants

OF COUNSEL:

Larry L. Turner
Kenneth S. Knuckey
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19104
Tel: (215) 963-5000

DATE: April 25, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii
I.      INTRODUCTION ........................................................................................................ 1
II.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS................. 2
III.    SUMMARY OF ARGUMENT ...................................................................................... 3
IV.    STATEMENT OF FACTS ............................................................................................ 4
V.     ARGUMENT................................................................................................................. 6

       THIS CIVIL ACTION SHOULD BE STAYED BECAUSE DR. MOWAFY AGREED TO MEDIATE HER CLAIMS UNDER NORAMCO'S DISPUTE RESOLUTION PROGRAM.............................................................................................................................6

       A.    Plaintiff's Agreement to Defer Litigation and Mediate Her Claims Using the Program is Enforceable .................................................................................. 6

       B.    A Stay is Appropriate In This Case Pending The Submission of Plaintiff's Claims to Mediation................................................................................................ 7

VI.    CONCLUSION.............................................................................................................. 8

# TABLE OF AUTHORITIES

**CASES**

*Alexander v. Anthony Int'l., L.P.,*
  341 F.3d 256, 263 (3d Cir. 2003) ..........................................................................................8

*Bechtel Corp. v. Laborers' Int'l Union,*
  544 F.2d 1207, 1215 (3d Cir. 1976) ......................................................................................7

*Commissariat A L'Energie Atomique v. Tottori Sanyo Elec. Co., Ltd.,*
  No. Civ.A. 03-484-KAJ, 2004 WL 1554382, *1 (D. Del. May 13, 2004) ............................7

*Durkin v. Cigna Prop. & Cas. Corp.,*
  942 F. Supp. 481, 488 (D. Kan. 1996) ..................................................................................6

*Honeywell Int'l, Inc. v. Audiovox Commc'n, Corp.,*
  No. Civ.A. 04-1337-KAJ, 2005 WL 2465898, at *2 (D. Del. May 18, 2005) ......................7

*Kinnebrew v. Gulf Ins. Co.,*
  CA No. 3:94-CV-1517-R, 1994 WL 803508, at *2 (N.D. Tex. Nov. 28, 1994). ..................6

*Porter v. Cigna Ins. Co. of North Am.,*
  No. Civ. A.1:96-CV 765, 1997 WL 1068630, at *1 (N.D. Ga. March 26, 1997) .................6

*Varallo v. Elkins Park Hosp.,*
  63 Fed. Appx. 601 (3d Cir. 2003) ..........................................................................................6

*Wetzel v. Baldwin Hardware Corp.,*
  No. Civ. 98-3257, 1999 WL 54563, at *3-4 (E.D. Pa. Jan. 29, 1999) ...................................6

**STATUTES**

*Age Discrimination in Employment Act,*
  29 U.S.C. § 626(d)(2), et seq (the "ADEA") ........................................................................4

*Title VII of the Civil Rights Act of 1964,*
  42 U.S.C. § 2000e, et seq. .....................................................................................................4

*Wright & Miller, Federal Practice and Procedure § 1360 (1990)* ..............................................7

I.  **INTRODUCTION**

Defendants Noramco of Delaware, Inc. and Noramco, Inc. (collectively, "Noramco") submit this Opening Brief in Support of Their Motion to Stay This Civil Action Pending Submission of Plaintiff's Claims to Defendants' Dispute Resolution Program (the "Motion to Stay").

Defendants seek a stay of the litigation proceedings in this case to allow the parties to first mediate the dispute as is called for by Noramco's Common Ground Program (the "Program") for resolving employment-related disputes. The Common Ground program requires an employee to engage in mediation with the company prior to litigating a dispute in court. Dr. Mowafy was clearly aware of the program because she submitted to Noramco a Request for Mediation pursuant to the Program. Nevertheless, Dr. Mowafy failed to participate in a mediation, as she agreed to do, prior to commencing litigation. Noramco seeks a stay of these proceedings to allow the parties to conduct the agreed upon mediation.

II.  **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff seeks recovery from Noramco for alleged employment discrimination. She has filed a Motion for Default Judgment (D.I. 9) for the Defendants' failure to respond to an Amended Complaint which Plaintiff never served and for which she never obtained a waiver of service. Briefing on that Motion has been completed and Defendants have requested oral argument. (D.I. 14)

Plaintiff has moved for an extension of the time for serving the Amended Complaint, (D.I. 15), and Defendants have today filed an Answering Brief in Response to that Motion. Defendants filed today their Motion to Stay so that Plaintiff's claims may be addressed in non-binding mediation as required by Noramco's mandatory dispute resolution program, known as the "Common Ground" program. This is Defendants' Opening Brief in Support of their Motion to Stay.

2

### III.   SUMMARY OF ARGUMENT

Plaintiff should be required to submit her claims against Noramco to non-binding mediation in accordance with Noramco's Common Ground Program because the Program fulfills all requirements for binding mediation programs and Plaintiff clearly was aware of the Program prior to seeking to litigate this action.

IV. **STATEMENT OF FACTS**

    1.    Dr. Mowafy claims that she was wrongfully terminated from her employment with Noramco on the basis of her age, religion, and national origin pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. § 626(d)(2), *et seq* (the "ADEA"). (*See*, D.I. 1; D.I. 3).

    2.    In connection with her employment, Dr. Mowafy was made aware of, and therefore agreed to use, the Common Ground Mediation Program (the "Program"), Noramco's mandatory, non-binding dispute resolution program, to resolve certain employment-related disputes. (The Common Ground Mediation Program Brochure is attached hereto as Exhibit A.). The Program's provisions are available to all employees in the form of a Brochure (the "Brochure") upon hiring and the provisions are available through Noramco's intranet as well as Human Resources Department. (*Id.*)

    3.    Plaintiff was obliged to use the Program to address any and all disputes concerning wrongful discharge, including those brought on the basis of age, race, religion and national origin, before initiating litigation. (*Id.* at 3, 13).

    4.    Plaintiff has sought, however, to engage this Court before first exhausting the dispute resolution process described in the Program and of which she was clearly aware. (*See*, Exhibit B, Request for Mediation).

5. Despite her awareness of and request to proceed pursuant to the Program prior to initiating litigation (*Id.*), Plaintiff filed this Civil Action prior to participating in mediation as she requested and as called for by the Program.

6. The Program provides explicitly that should an employee initiate litigation of an enumerated claim without first exhausting the Program's procedures, Noramco will seek to stay the agency or court proceeding. (Exhibit A, at 8.)

7. Despite her awareness of the Program, Dr. Mowafy filed a claim with the Equal Opportunity in Employment Commission (the "EEOC") on October 27, 2003. (Compl. at ¶ 12 (D.I. 1)).

8. After filing her EEOC Charge in apparent violation of the Program, Dr. Mowafy took a step to comply with the requirements of the Program by submitting to Noramco a Request for Mediation. (Exhibit B).

9. Plaintiff, however, failed to participate in any mediation, and filed her initial Complaint on October 18, 2005, and her Amended Complaint on November 1, 2005, in violation of her obligation to mediate her claim. (*See* D.I. 1; D.I. 3)

10. Noramco is prepared to participate in mediation of Dr. Mowafy's claims, as required by the Common Ground Program, and seeks a Stay of this matter to allow the mediation to take place as agreed.

V.   **ARGUMENT**

**THIS CIVIL ACTION SHOULD BE STAYED BECAUSE DR. MOWAFY AGREED TO MEDIATE HER CLAIMS UNDER NORAMCO'S DISPUTE RESOLUTION PROGRAM.**

   A.   **Plaintiff's Agreement To Defer Litigation and Mediate Her Claims Using the Program Is Enforceable.**

While counsel for Noramco is not aware of any reported cases that directly address a challenge to the enforceability of a *non-binding* employer-employee dispute resolution program, there is ample case law upholding the enforceability of *binding employer-employee arbitration agreements*. Courts have consistently held that binding employer-mandated arbitration programs are enforceable where (i) the employee was given notice of the existence of the program and what it covers; (ii) the employee continued to work after receiving such notice; (iii) both parties are required to submit covered disputes to the program's procedures; and (iv) any decision reached applies equally to the employer and the employee. *See, e.g., Varallo v. Elkins Park Hosp.*, 63 Fed. Appx. 601 (3d Cir. 2003); *Wetzel v. Baldwin Hardware Corp.*, No. Civ. 98-3257, 1999 WL 54563, at *3-4 (E.D. Pa. Jan. 29, 1999); *Porter v. Cigna Ins. Co. of North Am.*, No. Civ. A.1:96-CV 765, 1997 WL 1068630, at *1 (N.D. Ga. March 26, 1997); *Durkin v. Cigna Prop. & Cas. Corp.*, 942 F. Supp. 481, 488 (D. Kan. 1996); *Kinnebrew v. Gulf Ins. Co.*, CA No. 3:94-CV-1517-R, 1994 WL 803508, at *2 (N.D. Tex. Nov. 28, 1994).

Here, the Program, which is non-binding and thus less likely to infringe on an employee's procedural rights, satisfies every requirement that makes the more restrictive binding arbitration programs enforceable. First, Dr. Mowafy had notice of the Program. Noramco's usual practice is to provide all employees a copy of the Brochure when they are hired, and the Brochure is available both on Noramco's intranet and from Noramco's Human Resources Department. Given that Dr. Mowafy submitted a Request for Mediation (Exhibit B) prior to initiating this

6

action, she cannot now be heard to claim she was not aware of the Program. Second, Dr. Mowafy accepted the requirements of the Program by electing to accept her employment with Noramco. (Exhibit A, p. 13). Third, both Noramco and its employees must use the Program prior to the initiation of litigation. (*Id.*). Fourth, the outcome of the mediation applies equally to Noramco and its employees, and both retain the right to pursue litigation should the mediation under the Program be unsuccessful. (*Id.*, p. 16). Even the EEOC may defer to in-house mediation programs such as the Common Ground Program. (*See id.*, p. 16). Thus, Dr. Mowafy should be required to participate in the Program.

    **B.    A Stay Is Appropriate In This Case Pending the Submission of Plaintiff's Claims to Mediation.**

A district court has broad discretion in deciding whether to grant a request for the stay of litigation. *Honeywell Int'l, Inc. v. Audiovox Commc'n, Corp.*, No. Civ.A. 04-1337-KAJ, 2005 WL 2465898, at *2 (D. Del. May 18, 2005). A stay is particularly appropriate where it would afford the Court an opportunity to maximize the effective use of judicial resources and allow the disposition of the case "with economy of time and effort for itself, for counsel, and for litigants." *Commissariat A L'Energie Atomique v. Tottori Sanyo Elec. Co., Ltd.*, No. Civ.A. 03-484-KAJ, 2004 WL 1554382, *1 (D. Del. May 13, 2004); *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976); *see also*, Wright & Miller, Federal Practice and Procedure § 1360 (1990).

Here, Noramco instituted the Program, among other reasons, to conserve the resources of both the parties. *See* Brochure at 1. Further, a stay would not prejudice Dr. Mowafy since the Program's procedures do not preclude Dr. Mowafy from pursuing other remedies if the dispute is not resolved. To the contrary, the Program simply requires Dr. Mowafy to use certain steps as an initial attempt to resolve the dispute, which will conserve judicial resources. *See* Brochure 8.

Staying the litigation is therefore appropriate, particularly since the Program's provisions may obviate the need for this litigation.

Dr. Mowafy's age, religion, race and national origin discrimination claims clearly fall within the Program's parameters. Therefore, this Civil Action should be stayed until the Plaintiff has exhausted the Program's procedures. *See generally*, *Alexander v. Anthony Int'l., L.P.*, 341 F.3d 256, 263 (3d Cir. 2003)(citations omitted)(stating that a party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration.).

## II. CONCLUSION

For all of the reasons stated above, Noramco's Motion to Stay This Civil Action Pending Submission of Plaintiff's Claims to Defendants' Dispute Resolution Program should be granted.

                            PRICKETT, JONES & ELLIOTT, P.A.

                            /s/ David E. Brand
                            David E. Brand (I.D. No. 201)
                            1310 King Street
                            P. O. Box 1328
                            Wilmington, DE 19899
                            debrand@prickett.com
                            Tel: (302) 888-6514

                            **ATTORNEYS FOR NORAMCO OF DELAWARE, INC. AND NORAMCO, INC.**

*Of Counsel*
Larry L. Turner
Kenneth S. Knuckey
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19104
lturner@morganlewis.com
kknuckey@morganlewis.com
Tel: (215) 963-5000

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, I electronically filed **DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STAY THIS CIVIL ACTION PENDING SUBMISSION OF PLAINTIFF'S CLAIMS TO DEFENDANTS' DISPUTE RESOLUTION PROGRAM** with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Stephen J. Neuberger, Esquire
Thomas S. Neuberger, P.A.
Two East 7th Street
Suite 302
Wilmington, DE 19801

_/s/ David E. Brand_
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328
TEL: 302-888-6514
EMAIL: DEBrand@prickett.com