IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAHRA MOWAFY, | : | C. A. NO: 05-733 (KAJ) |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| NORAMCO OF DELAWARE, INC. | : | |
| and NORAMCO, INC., | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS' ANSWERING BRIEF
IN RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME LIMIT
FOR SERVICE OF AMENDED COMPLAINT, IN ALTERNATIVE
TO ENTRY OF DEFAULT JUDGMENT**

DAVID E. BRAND (I.D.#201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
(302) 888-6514
Attorneys for Defendants

OF COUNSEL:

Larry L. Turner
Kenneth S. Knuckey
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19104
Tel: (215) 963-5000

DATE: April 25 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii
I.    INTRODUCTION ..................................................................................................... 1
II.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS.................. 2
III.  SUMMARY OF ARGUMENT ................................................................................... 3
IV.   STATEMENT OF FACTS ......................................................................................... 4
V.    ARGUMENT............................................................................................................. 7
      A.   EXTENSION OF PLAINTIFF'S TIME TO SERVE THE AMENDED COMPLAINT IS THE ONLY RELIEF TO WHICH PLAINTIFF MAY BE ENTITLED BECAUSE PLAINTIFF IS NOT ENTITLED TO A DEFAULT JUDGMENT.................................................................................. 7
      B.   NORAMCO IS PREPARED TO DEFEND THIS CASE ON THE MERITS ........................................................................................................... 8
VI.   CONCLUSION.......................................................................................................... 9

## TABLE OF AUTHORITIES

*Carty v. R.I. Dept. of Corrections*,
2001 WL 210474 (D.R.I. Jan 22, 2001) ......................................................................................7

*Cichowski v. Sauk County*,
409 F. Supp. 2d 1098 (W.D.Wis. 2006) ....................................................................................7

I.  **INTRODUCTION**

Defendants Noramco of Delaware, Inc. and Noramco, Inc. (collectively, "Noramco") submit this Answering Brief in Response to the Motion to Extend Time Limit for Service of Amended Complaint, In Alternative to Entry of Default Judgment (the "Motion to Extend") filed by Plaintiff Zahra Mowafy ("Plaintiff" or "Dr. Mowafy").

Plaintiff seeks an extension of time to serve upon Noramco the Amended Complaint she admits filing with this Court. In doing so, Plaintiff seeks to avoid the consequences that would necessarily follow from her failure to timely and properly serve process upon or seek a waiver of process from Noramco. Although the Motion to Extend is framed "In the Alternative" to Plaintiff's previously filed Motion for Default Judgment against Noramco, the record in this case reflects clearly that Plaintiff is not entitled to a default judgment because she failed to prove proper service or waiver of service of the Amended Complaint in accordance with Fed. R. Civ. P. 4. Nevertheless, Noramco does not oppose Plaintiff's Motion to Extend, and is prepared to proceed with the defense of this case – including mediation - following Plaintiff's service upon it of the Amended Complaint.

II.     **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff filed her original Complaint on October 18, 2005, alleging that Noramco discriminated against her based upon her age, race, national origin and religion. (D.I. 1.). Plaintiff filed an Amended Complaint on November 1, 2005 against only Noramco of Delaware, Inc. and Noramco, Inc. (D.I. 3.). On December 22, 2005, Noramco waived service of the summons associated with the initial Complaint, as requested by Plaintiff on November 23, 2005. (D.I. 7.). The Amended Complaint was not provided with the Request for Waiver and has never been served on the Defendants or their counsel. (*See*, D.I. 7 (executed waiver of service refers to initial Complaint; no reference to Amended Complaint); Affidavit of Larry Turner, ¶ 5, attached hereto as Exhibit A). On March 15, 2006, Plaintiff filed a Motion for Default Judgment. (D.I. 9.) The Defendants filed their Opposition to Plaintiff's Motion for Default Judgment on March 20, 2006. (D.I. 11, 12). Plaintiff filed her Reply Brief in support of her Motion for Default Judgment on March 27, 2006. (D.I. 13). Defendants have requested oral argument. (D.I. 14). Plaintiff filed her Motion to Extend on March April 10, 2006. (D.I. 15, 16). This is Defendants' Answering Brief in response to Plaintiff's Motion to Extend.

### III.  SUMMARY OF ARGUMENT

1. Plaintiff is not entitled to a default judgment because she failed to provide the Defendants with the proper "operative" pleading, the Amended Complaint, when she requested the Defendants to waive service of process at the inception of this case. Thus, an extension of time to serve is the only relief to which Plaintiff may be entitled.

2. Defendants do not oppose Plaintiff's request for additional time to serve the Amended Complaint, and, upon service, are prepared to respond thereto and defend this case on the merits, including participating in pre-arranged mediation.

IV.  **STATEMENT OF FACTS**

1. Dr. Mowafy alleges in her Complaint that Noramco discriminated against her by terminating her on January 9, 2003 from her position as a Senior Process Chemist based upon her age, race, national origin and religion. (Compl. at ¶ 10 (D. I. 1)).

2. Plaintiff was obliged to use Noramco's mandatory, non-binding dispute resolution program (the "Program") to resolve any and all disputes concerning wrongful discharge, including those brought on the basis of age, race, religion and national origin, before initiating any litigation. (*See*, Exhibits A and B to Noramco's Motion to Stay).[1]

3. Despite her awareness of the Program prior to initiating litigation, Plaintiff filed this Civil Action prior to completing the steps of the Program.

4. Dr. Mowafy further alleges in her Complaint that she filed a claim with the Equal Employment Opportunity Commission (the "EEOC") on October 27, 2003. (Compl. at ¶ 12 (D.I. 1)).

5. Dr. Mowafy filed her Complaint on October 18, 2005. (*See* D.I. 1.)

6. Since filing this lawsuit, Dr. Mowafy has filed other motions in this case, including dismissals of certain Defendants and substitutions of counsel. (*See* D.I. 2, 5, 6).

---

[1]   Noramco is contemporaneously filing its Motion to Stay This Civil Action Pending Submission of Plaintiff's Claims to Defendants' Dispute Resolution Program, and its Opening Brief in support thereof (collectively, "Motion to Stay.").

4

7.  On November 1, 2005, Dr. Mowafy filed an Amended Complaint. (D.I. 3.).

8.  On November 23, 2005, after filing the Amended Complaint, Dr. Mowafy's counsel sent Noramco a Waiver of Service of Summons with the initial Complaint. (*See*, D.I. 7.).

9.  Noramco executed the Waiver of Service on December 22, 2005, and returned it to Plaintiff's counsel. (D.I. 7). When the Waiver of Service was signed, neither Noramco nor its counsel had received the Amended Complaint that was filed before Plaintiff sought the Waiver of Service of the original Complaint. (*See*, Turner Aff. at ¶5.).

10. Since the Waiver of Service was signed and returned to Plaintiff's counsel, the Amended Complaint has not been served on either Noramco or Noramco's counsel. (*See*, Turner Aff. at ¶5.) Dr. Mowafy's counsel claims that it was the "usual practice" of his office to attach all filed documents to a Request for Waiver of Service. (*See* Plaintiff's Reply in Support of Request for Default Judgment, D.I. 13). Noticeably lacking from counsel's statement, however, is any statement regarding a specific recollection that the Amended Complaint was sent with the Request for Waiver or an affidavit from a process server, or a cover letter or document transmitted to the Defendants or their counsel listing an Amended Complaint as an enclosure.

11. As of the filing of this Response to Plaintiff's Motion to Extend, and despite prior notice to Plaintiff's counsel in filings with the Court about the lack of service,

neither Noramco nor Noramco's counsel has been served with the Amended Complaint. (Turner Aff. at ¶ 5.).

V.   **ARGUMENT**

   A.   **EXTENSION OF PLAINTIFF'S TIME TO SERVE THE AMENDED COMPLAINT IS THE ONLY RELIEF TO WHICH PLAINTIFF MAY BE ENTITLED BECAUSE PLAINTIFF IS NOT ENTITLED TO A DEFAULT JUDGMENT.**

Plaintiff seeks an extension of time for service of the Amended Complaint as an "alternative" to the entry by the Court of a Default Judgment against Noramco. Plaintiff is not, however, entitled to a Default Judgment because, as illustrated in Noramco's Opposition to Plaintiff's Motion for Default Judgment and Plaintiff's Reply thereto, Noramco was never served with the Amended Complaint in this case, and did not waive service of the Amended Complaint.

Specifically, Plaintiff admits, and the Court's records reflect, that the Amended Complaint was filed on November 1, 2005, more than three weeks *before* Plaintiff sent her Request for Waiver of Service of Summons to Noramco on November 23, 2005. Because the Amended Complaint had been filed before Plaintiff sought service, it was incumbent upon her to serve Noramco with the Amended Complaint, *not* the Complaint. *See*, Carty v. R.I. Dept. of Corrections, 2001 WL 210474, at *1-2 (D.R.I., Jan. 22, 2001)[2](dismissal proper where "operative" Amended Complaint never served on defendants). *See also*, Cichowski v. Sauk County, 409 F. Supp. 2d 1098, 1102-03 (W.D. Wis. 2006)(waiver of service executed prior to filing of Amended Complaint insufficient; dismissal of defendant warranted because no proof of waiver of service of Amended Complaint). As illustrated in the Opposition to the Motion for Default Judgment, Plaintiff's Amended Complaint has never been served on Noramco or its counsel.

Plaintiff's sole response to Noramco's clear and concise evidence that it was never served with the Amended Complaint - the "operative" complaint, Carty, *supra* - is that it was the

---

[2]   This unreported case was provided to the Court previously with the Defendants' Compendium of Unreported Cases cited in its Answering Brief in Opposition to Plaintiff's Motion for Default Judgment (D.I. 12).

7

"normal procedure[]" of Plaintiff's counsel's office to mail all filed documents with a Request for Waiver of Service. *See generally*, Plaintiff's Reply in Support of Motion for Default Judgment, p. 7.[3] Conspicuously absent from this response, however, is any *specific* statement based upon personal knowledge or specific recollection that the Amended Complaint, admittedly filed with the Court before the Request for Waiver was mailed, was *actually* mailed to Noramco with the Request for Waiver, or was served in any other form of service recognized by the Federal Rules of Civil Procedure. Thus, the evidence shows clearly that Noramco is not in default. Hence, had Noramco chosen to file a motion for dismissal based on insufficiency of service, it would clearly be entitled to dismissal of this case.

In addition to the foregoing, Noramco respectfully refers the Court to its Opposition to Plaintiff's Motion for Default for additional reasons why entry of a default judgment against the Defendants is not proper in this case.

B.    **NORAMCO IS PREPARED TO DEFEND THIS CASE ON THE MERITS.**

Despite its entitlement to dismissal of this action for insufficiency of service, as illustrated above, Noramco is ready and willing to defend Plaintiff's claims on the merits, once it has been properly served with the Amended Complaint.

Noramco believes that Plaintiff has stated properly the legal standards for this Court's review of the Motion to Extend. Nevertheless, Noramco expresses no opinion concerning whether Plaintiff's arguments fulfill those standards, or whether good cause exists to allow Plaintiff a "second bite" at service of process. Therefore, Noramco does not oppose Plaintiff's Motion to Extend, and is confident in the Court's sound use of its discretion concerning the

---

[3]    Noramco also notes that Plaintiff's counsel claims it is his "normal practice" to serve "outstanding pleadings" when waiver of service is requested. This inconsistency casts considerable doubt regarding just what is counsel's practice and, ultimately, Plaintiff's self-serving conclusion that the Amended Complaint was served on Noramco.

8

Motion to Extend. Should the Court decide to grant the Motion to Extend, Noramco will comply with the Federal Rules of Civil Procedure, or alternatively, the Court's Order, with regard to its response to Plaintiff's service of the Amended Complaint.

Moreover, should the court grant Plaintiff's unopposed Motion to Extend, Noramco, in a separate motion filed simultaneously with this response, seeks to stay this action based upon plaintiff's obligation and agreement to mediate disputes of this nature before pursuing litigation.

## VI.  CONCLUSION

For all of these reasons, Noramco respectfully requests that the Court deny Plaintiff's Motion for Default Judgment, exercise its discretion as to Plaintiff's Motion to Extend, and allow this action to proceed on the merits of Dr. Mowafy's claims.

PRICKETT, JONES & ELLIOTT, P.A.

_____
David E. Brand (I.D. No. 201)
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
debrand@prickett.com
Tel: (302) 888-6514

**ATTORNEYS FOR NORAMCO OF DELAWARE, INC. AND NORAMCO, INC.**

*Of Counsel*
Larry L. Turner
Kenneth S. Knuckey
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19104
lturner@morganlewis.com
aharmon@morganlewis.com
Tel: (215) 963-5000

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, I electronically filed **DEFENDANTS' ANSWERING BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME LIMIT FOR SERVICE OF AMENDED COMPLAINT, IN ALTERNATIVE TO ENTRY OF DEFAULT JUDGMENT** with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Stephen J. Neuberger, Esquire
Thomas S. Neuberger, P.A.
Two East 7th Street
Suite 302
Wilmington, DE 19801

*/s/ David E. Brand*
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328
TEL: 302-888-6514
EMAIL: DEBrand@prickett.com

19851.1\302469v1