IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ZAHARA MOWAFY,<br><br>        Plaintiff<br><br>  v.<br><br>NORAMCO OF DELAWARE, INC.<br>and NORAMCO, INC.,<br><br>        Defendants | NO. 05-733-KAJ<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' MOTION
TO STAY THIS CIVIL ACTION PENDING SUBMISSION OF PLAINTIFF'S CLAIMS TO
DEFENDANTS' DISPUTE RESOLUTION PROGRAM**

| | |
|---|---|
| THE NEUBERGER FIRM, P.A. | MacELREE HARVEY, LTD. |
| /s/Stephen J. Neuberger<br>Stephen J. Neuberger, Esquire<br>(#4440)<br>Two East Seventh Street, Suite 302<br>Wilmington, DE 19801-3707<br>(302) 655-0582<br>SJN@NeubergerLaw.com<br>Attorney for Plaintiff | /s/William T. Wilson<br>William T. Wilson, Esquire<br>PA Supreme Court I.D.: 41793<br>17 West Miner Street, P.O. Box 660<br>West Chester, PA 19381-0660<br>(610) 436-0100<br>Attorney for Plaintiff,<br>Admitted *Pro Hac Vice* |

287776

## TABLE OF CONTENTS

| | | |
|---|---|---|
| ii. | TABLE OF AUTHORITIES……………………………………………… | ii |
| I. | INTRODUCTION……………………………………………………… | 1 |
| II. | STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS……………………………………… | 2 |
| III. | SUMMARY OF ARGUMENT ………………………………………… | 3 |
| IV. | STATEMENT OF FACTS……………………………………………… | 4 |
| V. | ARGUMENT…………………………………………………………… | 5 |
| VI. | CONCLUSION………………………………………………………… | 6 |
| | CERTIFICATE OF SERVICE………………………………………………… | 7 |

# TABLE OF AUTHORITIES

**Cases:**

Dluhos v. Strasburg,
    21 F. 3d 365 (3d Cir. 2003).................................   5

Gilmer v. Interstate/Johnson Lane Corp.,
    500 U.S. 20 (1991) 1983)...................................   5

Lloyd v. Hovensa, LLC,
    369 F. 2d 263 (3d Cir. 2004)...............................   5

Spinetti v. Service Corp. International,
    324 F. 3d 212, 214 (3d Cir. 2003)..........................   5

**Statutes/Rules:**

9 U.S.C. §1............................................................   1, 5

29 U.S.C. §626.......................................................   1

42 U.S.C. §1981.....................................................   5

42 U.S.C. §2000 e-5..............................................   1, 5

Federal Rule of Civil Procedure 4..................................   2

I.   **INTRODUCTION**

This is an employment discrimination case brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e et. seq., and the Age Discrimination in Employment Act, 29 U.S.C. §626.

Prior to the institution of this action, the plaintiff submitted a request for alternative dispute under the Defendant's Dispute Resolution Procedure, which provides for non-binding mediation by the parties.

Non-binding mediation is not arbitration and is not, therefore, governed by the Federal Arbitration Act, 9 U.S.C. §1 et, seq. It is doubtful that a contract requiring non-binding mediation would hope to accomplish anything if one party was hostile to mediation, and the plaintiff questions whether such a contract could be enforced. Nevertheless, she remains interested in resolving this action through this form of alternative dispute resolution and does not object if this Honorable Court chooses to stay further proceedings, while that is pending, in the interests of judicial economy.

1

## II. STATEMENT OF THE NATURE AND STAGE OF THE PROCEDURES

The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which issued a Notice of Right to Sue on July 19, 2005. The plaintiff filed a complaint with this Honorable Court and served the defendants under Fed. R. Civ. P. 4(d). No answer has yet been filed.

Other motions that are currently pending are the plaintiff's motion for entry of judgment by default and the plaintiff's motion to extend the time for service, in the event default judgment is not entered, which is not opposed. The defendants have now moved for a stay pending non-binding mediation.

III.     **SUMMARY OF ARGUMENT**

In contrast to a contract for binding arbitration, an agreement of non-binding mediation does not call for a stay of proceedings before the Court. Nevertheless, the plaintiff wants an amicable resolution and believes mediation may help reach that goal. Accordingly, she has no objection if the Court chooses to take no further action pending an effort to mediate.

## IV.   STATEMENT OF FACTS

The Plaintiff was terminated from her employment with the defendants on January 9, 2003. (D.I. 3, ¶10). She believes this was due to her religion, race, national origin, age, or some combination thereof (D.I. 3, ¶¶ 15 and 17). She filed a charge alleging discrimination on those bases with the EEOC on October 27, 2003 (D.I. 3, ¶12).

After the filing of the EEOC charge, the defendants reminded the plaintiff of their Dispute Resolution Program and, on April 27, 2004, she applied for mediation thereunder. (D.I. 19, Exhibit B). A mediation conference was scheduled, but canceled because of scheduling problems related to the Plaintiff's efforts to mitigate damages. Thereafter, the parties attempted to reschedule, but mutually convenient dates were elusive, and the effort at mediation stagnated. The EEOC eventually issued a Notice of Right to Sue on July 19, 2005 (D.I. 3, ¶ 13). The plaintiff then filed her complaint in this court (D.I. 1), and the defendants have now filed a Motion for Stay pending mediation (D.I. 19).

## V.   ARGUMENT

Employment disputes such as this case can be the subject of enforceable contracts for binding arbitration under normal circumstances. Gilmer v. Interstate/Johnson Lane Corp, 500 U.S. 20 (1991); Lloyd v. Hovensa, LLC, 369 F. 3d 263 (3d Cir. 2004); Spinetti v. Service Corp. International, 324 F. 3d 212, 214 (3d Cir. 2003). The federal courts have rejected the idea that employment disputes are an exception to the policy favoring arbitration established in the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et. seq., Id.

Non-binding mediation, however, is not arbitration under the FAA. In Dluhos v. Strasburg, 321 F. 3d 365 (3d Cir. 2003), the Court concluded that a program of non-binding mediation did not invoke the FAA and could not require a stay of proceedings in court. 321 F. 3d at 371 – 372.

Nevertheless, forms of alternative dispute resolution other than arbitration offer many advantages over litigation, see 42 U.S.C. §1981, Note on Alternative Means of Dispute Resolution, and the plaintiff prefers an amicable resolution.[1] Accordingly, while disagreeing with the defendants' assertion that it is entitled to a stay, she leaves it to the Court's discretion whether one will issue in the interests of judicial economy. In either case, she is eager to attempt a resolution of the matter by mediation.

---

[1] Once the plaintiff received the Notice of Right to Sue, she had to file a complaint within ninety (90) days in order to preserve her claims. 42 U.S.C. §2000e-5(f).

287776

## VI. CONCLUSION

For the foregoing reasons, Mowafy respectfully requests the Court to exercise its discretion in regard to scheduling the case, via the requested stay, to allow the parties an attempt to redress the matter through mediation.

| | |
|---|---|
| THE NEUBERGER FIRM, P.A. | MacELREE HARVEY, LTD. |
| | |
| /s/Stephen J. Neuberger | /s/William T. Wilson |
| Stephen J. Neuberger, Esquire | William T. Wilson, Esquire |
| (#4440) | PA Supreme Court I.D.: 41793 |
| Two East Seventh Street, Suite 302 | 17 West Miner Street, P.O. Box 660 |
| Wilmington, DE 19801-3707 | West Chester, PA 19381-0660 |
| (302) 655-0582 | (610) 436-0100 |
| SJN@NeubergerLaw.com | Attorney for Plaintiff, |
| Attorney for Plaintiff | Admitted *Pro Hac Vice* |

## CERTIFICATE OF SERVICE

  I, Stephen J. Neuberger, hereby certify that on this 4th day of May, 2006, I caused the foregoing Plaintiff's Brief in Response to Defendants' Motion to Stay This Civil Action Pending Submission of Plaintiff's Claims to Defendants' Dispute Resolution Program to be filed via the Electronic Case Filing System (ECF) and the document is available for viewing and downloading from the ECF System to the following counsel of record who have consented to electronic service:

      Alton A.J. Harmon, Esq.
      MORGAN, LEWIS & BOCKIUS, LLP
      1701 Market Street
      Philadelphia, PA  19103-2921
      (First Class Mail)


      THE NEUBERGER FIRM, P.A.


      /s/ Stephen J. Neuberger
      STEPHEN J. NEUBERGER, ESQ.  (#4440)
      Two East Seventh Street, Suite 302
      Wilmington, DE  19801-3707
      (302) 655-0582
      SJN@NeubergerLaw.com
Date: May 4, 2006    Attorney for Plaintiff