IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAHRA MOWAFY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 05-733-*** |
| | : | |
| NORAMCO OF DELAWARE, INC. and | : | |
| NORAMCO, INC., | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

### I.  Introduction

On October 18, 2005, Zahra Mowafy ("Mowafy") filed a complaint against Noramco of Delaware, Inc. and Noramco, Inc. (collectively, "Noramco") alleging employment discrimination based upon her age, race, national origin and religion.[1]

### II.  Procedural History

Mowafy's counsel postponed service of the complaint "specifically because counsel became aware of a need to amend the complaint"[2] and "in order to be able to serve the corrected pleadings."[3] An amended complaint was filed on November 1, 2005.[4] The amended complaint deleted Mowafy's specific date of birth and a

---

[1] D.I. 1.

[2] D.I. 13 at 9.

[3] *Id.* at 7.

[4] D.I. 3.

mistakenly named defendant, Health Services, Inc.[5] Noramco was served with a request for waiver of service of summons ("waiver") on November 23, 2005. Noramco's counsel executed the waiver on December 22, 2005.[6] The waiver was filed with the court on February 22, 2006.[7] Noramco failed to answer either the initial complaint or the amended complaint within the required sixty (60) days after service of the request for waiver under Federal Rule of Civil Procedure 4(d)(3).[8] On March 14, 2006, Mowafy filed a motion to the clerk for an entry of default pursuant to Fed. R. Civ. P. 55(a).[9] A motion for default judgment under Fed. R. Civ. P. 55(b)(2) was filed by Mowafy on March 15, 2006.[10] Counsel for Noramco received notice of the default motions on March 17, 2006 and filed a brief in opposition on March 20, 2006.[11] Mowafy filed a Reply Brief on March 27, 2006.[12]

## III. Positions of the Parties

Noramco contends that it was not obligated to plead or respond because Mowafy failed to serve the amended complaint upon Noramco pursuant to Fed. R. Civ. P.

---

[5] *Id.* The court notes that, in addition to these acknowledged differences between the two pleadings, the amended complaint also differs in the stated reason Mowafy was given for her termination, as well as Mowafy's request for relief under Count II.

[6] D.I. 7.

[7] *Id.*

[8] D.I. 8 (Plaintiff's Rule 55(a) Motion to the Clerk for an Entry of Default Judgment).

[9] *Id.* The clerk has not entered default against Noramco.

[10] D.I. 9.

[11] D.I. 11, Ex. B (Affidavit of Larry L. Turner in support of Defendant's Brief in Opposition to Plaintiff's Motion for Default Judgment).

[12] D.I. 13.

15(a).[13] Additionally, it argues that waiver of the initial complaint does not constitute waiver of the amended complaint, but "acknowledges Defendant' [sic] receipt of the Complaint but not the amended Complaint."[14] Noramco claims that default judgment is not appropriate in this case. Default judgment, it notes, is disfavored by this circuit, which prefers to dispose of cases on the merits.[15] In addition, Noramco contends that the factors to be considered in determining whether to grant a motion for default weigh in favor of denying the motion.[16] It maintains that there will be no prejudice to Mowafy if default is denied; it has a litigable defense; and its delay is not due to culpable conduct. Therefore, Noramco argues that it should be allowed to address the merits of Mowafy's claims.

Mowafy contends that the record establishes sufficient service of process by a preponderance of the evidence. Mowafy argues that it is "the normal practice for Mowafy's counsel to serve all outstanding pleadings at the same time as the initial mailing."[17] Mowafy maintains that because counsel specifically delayed service in order to amend the complaint that it is "more than normally likely that the amended complaint was included in the package mailed to Noramco [on November 23, 2005]."[18] Additionally, Mowafy points out that Noramco's only evidence to the contrary is an

---

[13] D.I. 11.

[14] *Id.* at 7.

[15] *Id.*

[16] *Id.* at 9.

[17] D.I. 13 at 9.

[18] *Id.*

affidavit stating the amended complaint was not included with the complaint when it was forwarded from the Wilmington to the Philadelphia office of Noramco's counsel.[19] Mowafy also argues that Noramco "made a deliberate decision to go into default . . . to gain tactical advantage."[20]  On this point, Mowafy notes that "if Noramco had not become aware of an amended complaint at some point, an answer [to the original complaint] would have been filed."[21]  Mowafy contends that Noramco chose to default in order to successfully assert deficiency of service of process and argue that the time limit for service, under Fed. R. Civ. P. 4(m), should not be extended.  Finally, Mowafy posits that default judgment is appropriate in this case because the factors to be considered in determining whether to grant a motion for default weigh in favor of granting the motion:  specifically, there will be procedural and financial prejudice to Mowafy if default is denied; Noramco has not articulated any litigable defense; and delay was due to Noramco's culpable conduct.[22]

**Analysis:  Motions for Entry of Default and Default Judgment**

Mowafy contends that entry of default against Noramco is proper because it failed to answer the amended complaint within the specified time set forth by the Federal Rules of Civil Procedure.  The court finds that Noramco is in default under Fed. R. Civ. P. 55(a), however, it will deny the motions for entry of default and for default judgment in favor of deciding the suit on the merits.

---

[19] *Id.*

[20] *Id.* at 11.

[21] *Id.*

[22] *Id.*

4

In order for entry of default to be proper, Noramco's failure to file an answer must have been in violation of the Federal Rules of Civil Procedure. Rule 55(a) controls whether entry of default is appropriate. The rule provides: "When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."[23] Where the requirements of the rule are fulfilled, the entry of a default is a "purely formal matter," and the default should be entered by the clerk, without application to the court.[24] Therefore, for default to be proper, Noramco's failure to plead must have violated the Federal Rules of Civil Procedure.[25]

A defendant is not required to file a responsive pleading until the plaintiff properly serves the complaint, or the amended complaint. Fed. R. Civ. P. 12(a)(1) specifies when a defendant must serve an answer. The rule prescribes that an answer be served "within 20 days after being served with the summons and complaint, or . . . if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent."[26] The time to respond does not start running until the complaint is served.[27] Therefore, a defendant is not required

---

[23] Fed. R. Civ. P. 55(a).

[24] *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942).

[25] The clerk has not entered Noramco's default.

[26] Fed. R. Civ. P. 12(a)(1)(A), (B).

[27] *See id.*

5

to answer until the plaintiff properly serves the complaint.[28]

It follows that if an amended complaint is filed, a defendant is not obligated to answer the amended complaint until it is properly served. Fed. R. Civ. P. 15(a) provides that a plaintiff may file an amended complaint "once as a matter of course at any time before a responsive pleading is served."[29] This court has held that a valid amended complaint supersedes the original complaint at the time it is filed with the court.[30] An amended complaint takes the place of the original complaint, effectively invalidating the original complaint.[31] Thus, a defendant is not required to answer the original complaint once the amended complaint is filed. Rule 15(a) does, however, require a defendant to respond to an amended complaint within a specific time frame.[32] In order to be obligated under this provision, a defendant must be properly served with

---

[28] *See Yarbrough v. Garrett*, No. 06-14021, 2007 WL 2049293, at *3 (Slip Copy) (E.D.Mich. 2007) (finding that because defendant had not been formally served, the time for filing of the answer never began to run, and thus, the answer was not untimely).

[29] Fed. R. Civ. P. 15(a).

[30] *Howard v. Snyder*, No. Civ.A.01-376-SLR, 2002 WL 450082, at *2 (D. Del. 2002) ("An amended complaint filed as a matter of course or after leave of the court supercedes [sic] the original complaint.") (citations omitted); *but see Anunciation v. West Capital Financial Serv., Corp.*, No. 95-15845, 1996 WL 534049, at *2 (9th Cir. 1996) ("The exact point of supersedure, however, occurs when the amended complaint is effectively served, not when it is filed.") (unpublished).

[31] *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir.2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect."); *see* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

[32] Fed. R. Civ. P. 15(a) ("A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.").

the amended complaint.[33]

When sufficiency of service of process is challenged, the party asserting the validity of service bears the burden of proof.[34] To meet that burden, the party must demonstrate that it satisfied the relevant procedural requirements for delivery of the papers under Rule 4.[35] "Factual contentions regarding the manner in which service was executed may be made through affidavits, depositions, and oral testimony."[36] The Third Circuit has prescribed no higher standard for this burden, thus Mowafy's burden is a preponderance of the evidence.[37]

The evidence shows that it is likely that counsel for Mowafy timely served the amended complaint upon Noramco. In a sworn affidavit, Noramco's Philadelphia counsel acknowledges receipt of the initial complaint, but maintains that the amended complaint was never served on Noramco or its counsel.[38] Counsel for Mowafy, however, asserts in an affidavit that (1) the original complaint and the amended complaint were served together, along with the amended waiver request, (2) service was made prior to the filing of the amended complaint, and (3) it was the

---

[33] *Id.* (requiring answer "within 10 days after service of the amended pleading"); *see also Nelson v. Adams USA, Inc.*, 529 U.S. 460, 461 (2000) ("Rule 15(a) . . . anticipates service of that [amended] pleading on the adverse party."); Fed. R. Civ. P. 12(a)(1)(A), (B) (specifying time to answer a pleading does not start running until pleading is served); Fed. R. Civ. P. 4 (requiring service of complaints).

[34] *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

[35] 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987).

[36] *Trovarello v. McMonagle*, No. Civ. A. 97-7369, 1998 WL 800325, at *2 (E.D. Pa. 1998) (citing *Villanova v. Solow*, No. CIV. A. 97-6684, 1998 WL 643686, at *1 (E.D. Pa 1998)).

[37] *See Villanova*, 1998 WL 643686, at *2.

[38] D.I. 11, Ex. B (Affidavit of Larry L. Turner in support of Defendant's Brief in Opposition to Plaintiff's Motion for Default Judgment).

routine practice of his office to include copies of all pleadings on file when initial service is made.[39] The court notes that the executed waiver contained the corrected caption, mirroring the amended, not the original, complaint.[40] The court also acknowledges the absence of an affidavit from Noramco's counsel's Wilmington office, where service was actually made.[41] Considering delay of service was in order to amend the complaint, that service was made after the filing of the amended complaint, that it was the general practice of Mowafy's counsel to include copies of all pleadings with initial service, and the absence of an affidavit from Noramco's Wilmington counsel, regarding the lack of an amended complaint with Mowafy's service, the court finds that Mowafy met her burden to show sufficiency of service of process.

Noramco failed to properly plead or otherwise defend as provided by the Federal Rules of Civil Procedure.[42] Mowafy met her burden for sufficiency of process. Having been properly served, Noramco was obligated, under Fed. R. Civ. P. 15(a), to file an answer within the specified time period. Therefore, Noramco is in default.

Although entry of default against Noramco is proper, the court denies the motions for entry of default and default judgment in favor of deciding the case on its merits. The Third Circuit has repeatedly held that three factors control whether a default judgment should be set aside or granted: "(1) prejudice to the plaintiff if default

---

[39] D.I. 13, Ex. 1 (Affidavit of William T. Wilson in support of Plaintiff's's Brief in Support of Motion for Default Judgment).

[40] D.I. 7.

[41] D.I. 13.

[42] See Fed. R. Civ. P. 55(a).

is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[43] First, Mowafy is not prejudiced if default is denied. Mowafy argues that if the default is denied, Noramco could assert that the 120 day time limit for service of the amended complaint under Fed. R. Civ. P. 4(m) has passed and the time limit should not be extended, thus winning the case.[44] This argument is without merit because Mowafy's alternative motion for extension of time for service of the amended complaint is unopposed. Second, Noramco has a litigable defense. It maintains that Mowafy's allegations are time-barred.[45] Third, Noramco's delay was due to its culpable conduct. Culpable conduct means "actions taken willfully or in bad faith."[46] It is clear that Noramco was aware of the amended complaint. Had it not been aware of the amended complaint, it should have filed a timely answer to the original complaint as specified in the waiver.[47] Moreover, the proper method to challenge insufficient service of process is to file a motion under Fed. R. Civ. P. 12(b)(5).[48] Although aware of the amended complaint, Noramco failed to

---

[43] *Jorden v. National Guard Bureau*, 877 F.2d 245, 250-51 (3d Cir. 1989); *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

[44] D.I. 13.

[45] D.I. 11.

[46] *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 124 (3rd Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir.1982)).

[47] D.I. 8.

[48] See *Hechinger Investment Co. of Delaware, Inc. v. Rocky Mountain News*, 297 B.R. 9, 11 (Bankr. D. Del. 2003); see also *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998) (explaining that if defendant seeks dismissal of plaintiff's complaint on grounds that service of process was insufficient or ineffective, it must include that defense either in its answer or together with any other Rule 12 **defenses raised in a pre-answer motion).**

raise the defense of insufficiency of service of process until after the filing of the motion for entry of default. Mowafy's counsel contends that he was unaware of any defects in service until Noramco asserted them in its opposition brief.[49] Additionally, Noramco had actual notice of the bases of the suit because the substantive averments in the amended complaint are identical to those in the original complaint.[50] As a result, the court finds that Noramco's failure to answer amounts to culpable conduct.

The court, however, must consider the Third Circuit's strong disfavor for default judgments and preference to decide cases on the merits.[51] The Third Circuit recognizes the court's broad discretion whether to grant a default judgment.[52] Although Noramco is responsible for the default, it has a litigable defense and Mowafy will not be prejudiced. Therefore, the court, in its discretion, denies entry of default and default judgment in favor of deciding the case on its merits. Accordingly, the motions for entry of default (D.I. 8) and for default judgment (D.I. 9) are denied.

Date: September 27, 2007

U.S. Magistrate Judge

---

[49] D.I. 13.

[50] See Sanderford v. Prudential Ins. Co. of America, 902 F.2d 897, 899 (11th Cir. 1990) (holding that defendant's failure to assert the defense of insufficiency of process prior to entry of default judgment when defendant had actual notice of the action constituted waiver of the defense).

[51] See $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

[52] See Hurst v. Rehoboth Beach, No. Civ.A. 03-362-KAJ, 2005 WL 823867, at *3 (D. Del. 2005) (unpublished) (citing Jorden v. National Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989)).