IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| ZAHRA MOWAFY, | : |
| Plaintiff, | : |
| | : C.A. No. 05-733-*** |
| v. | : |
| NORAMCO OF DELAWARE, INC. and NORAMCO, INC., | : |
| Defendants. | : |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendants Noramco of Delaware, Inc.[1] and Noramco, Inc. ("Defendants") hereby answer Plaintiff Zehra Mowafy's ("Ms. Mowafy") Amended Complaint in accordance with numbered paragraphs therein as follows, denying all factual allegations not specifically admitted:

1. Defendants admit that Ms. Mowafy is an adult female and a United States citizen, who was born in 1951 in Egypt. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Amended Complaint.

---

[1] Defendant Noramco of Delaware Inc. is not an appropriate Defendant, as it has not been in existence since 1990.

2. Defendants admit that Noramco Inc. does business at 500 Swedes Landing Road, Wilmington, Delaware. Defendants deny the remaining allegations of paragraph 2 of the Amended Complaint.

3. Defendants admit that Noramco Inc. is engaged in interstate commerce and employs more than 20 employees. Defendants deny the remaining allegations of paragraph 3 of the Amended Complaint.

4. The allegations of paragraph 4 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.

5. The allegations of paragraph 5 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.

6. Defendants deny that they engaged in any discriminatory act against Ms. Mowafy in this district or anywhere else. The remaining allegations of paragraph 6 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.

7. Defendants admit that Ms. Mowafy was employed by Noramco Inc. as a Senior Scientist, beginning on or about September 17, 2001. Defendants deny the remaining allegations of paragraph 7 of the Amended Complaint.

8. Defendants admit that Ms. Mowafy wore a head scarf. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Amended Complaint.

9. Denied.

10. Admitted.

11. Defendants lack knowledge or information regarding the reasons why Ms. Mowafy believes the termination of her employment was a pretext for unlawful discrimination. Defendants deny the remaining allegations of paragraph 11 of the Amended Complaint.

12. Defendants admit that Ms. Mowafy filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Defendants lack knowledge of information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Amended Complaint.

13. Admitted.

14. Defendants hereby incorporate by reference their answers to paragraphs 1 through 13 of the Amended Complaint.

15. The allegations of paragraph 15 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required. By way of further response, Defendants deny that they discriminated in any manner against Ms. Mowafy.

16. Defendants hereby incorporate by reference their answers to paragraphs 1-15 of the Amended Complaint.

17. The allegations of paragraph 17 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required. By way of further response, Defendants deny that they discriminated against Ms. Mowafy because of her age.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Ms. Mowafy's claims for monetary damages are barred to the extent that she failed to mitigate such damages.

### SECOND DEFENSE

Noramco of Delaware Inc. was not Ms. Mowafy's employer under Title VII or the ADEA.

### THIRD DEFENSE

Ms. Mowafy's claims are barred to the extent she failed to comply with and/or to exhaust the administrative and/or jurisdictional prerequisites to the commencement of an action under Title VII and the ADEA.

### FOURTH DEFENSE

Ms. Mowafy's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FIFTH DEFENSE

Ms. Mowafy is not entitled to recover liquidated damages under the ADEA because Defendants neither knew, nor showed reckless disregard for, whether their conduct violated the ADEA.

### SIXTH DEFENSE

Ms. Mowafy is not entitled to punitive damages under Title VII because at all times Defendants made good faith efforts to comply with anti-discrimination laws and did not act with reckless disregard or indifference towards her rights.

**SEVENTH DEFENSE**

The Amended Complaint fails to state a claim for liquidated damages upon which relief can be granted under the ADEA and fails to state a claim for punitive damages upon which relief can be granted under Title VII.

**EIGHTH DEFENSE**

Defendants had in place a strong policy against discrimination and harassment and otherwise exercised reasonable care to prevent and correct promptly any discrimination and harassment, and Ms. Mowafy unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

WHEREFORE, Defendants request that judgment be entered in their favor and against the plaintiff, costs to be borne by the plaintiff.

Respectfully submitted,

/s/ David E. Brand

David E. Brand (I.D. No. 201)
Prickett, Jones & Elliott, P.A.
1310 King Street
Box 1328
Wilmington, DE 19899
debrand@prickett.com
Tel: (302) 888-6514
Attorneys for Defendants Noramco of Delaware, Inc. and Noramco, Inc.

*Of Counsel*
Larry L. Turner
Michael J. Eagles
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
lturner@morganlewis.com
meagles@morganlewis.com
Tel: (215) 963-5000